(79 South. 174)

No. 21993.

TOMLINSON et ux. v. VICKSBURG, S. & P. RY. CO.

(May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. NEGLIGENCE ⬤═33(1)—USE AND CONDITION OF LAND—TRESPASS—CARE REQUIRED.

A property owner owes no duty to trespassers except to avoid injuring them willfully, and is not obliged to guard his premises against intrusion.

2. NEGLIGENCE ⬤═39—ATTRACTIVE NUISANCE—DOCTRINE.

The doctrine of responsibility for having on one's premises an inviting or attractive danger to children is confined to cases where the dangerous agency is so obviously tempting to children that the owner is guilty of negligence for failing to observe and guard against the temptation and danger.

3. NEGLIGENCE ⬤═39—ATTRACTIVE NUISANCE.

A pile of cross-ties on a railroad right of way, near a public street, was not so inviting or attractive a danger and temptation to small children to play about it that it was negligence for the railroad to fail to observe and guard against danger of injury to them.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by T. R. Tomlinson and wife against the Vicksburg, Shreveport & Pacific Railway Company to recover damages for personal injury to their minor child. Verdict and judgment for plaintiffs for $6,500, and defendant appeals, and plaintiffs, answering, prayed that the judgment be increased to $10,000, the amount sued for. Judgment annulled, and plaintiffs' demand rejected.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant. Otis W. Bullock, of Shreveport, for appellees.

143 LA.—21

O'NIELL, J. The defendant appeals from a verdict and judgment for $6,500 damages for personal injuries suffered by the plaintiffs' child. The plaintiffs, answering the appeal, pray that the judgment be increased to $10,000, the amount sued for.

There is no dispute about the facts of the case, except as to matters of no importance in our opinion.

The child, only 20 months old, and her brother, 8 years old, returning from the post office to their home, went upon the railway company's right of way to play upon a pile of cross-ties there. The boy dislodged a cross-tie that he stepped upon, and it fell from the pile upon the little girl's leg and injured her badly.

It was alleged in the plaintiffs' petition that the cross-ties were stacked "adjacent to and by the side of a street, road or public highway," and that they were piled so loosely and carelessly that one of them fell upon the child "while she was passing over and along the street, road or public highway." But the proof is positive and uncontradicted, and it is now conceded, that the cross-ties were not close enough to have fallen into the street or road, and that the offending tie would not have fallen at all if the children had not disturbed it.

The cross-ties did not belong to the railway company. They had been stacked upon the company's right of way for sale and shipment, but had not been accepted nor even tendered for shipment. We do not, however, consider the ownership of the ties important to a decision of the case, because they had been on the defendant's premises a long time, some of them as long as two years before the accident; and we assume that the agents of the defendant company knew the cross-ties were on the premises and consented to their being there.

[1-3] The plaintiffs' case therefore rests upon the doctrine of responsibility for hav-

ing on one's premises an object that is dangerous and attractive to children. The principle had its development, and perhaps its origin in our jurisprudence, in the cases where children were injured on such dangerous and inviting playthings as railroad turntables. Those cases were recognized to be exceptions to the general rule that the property owner owes no duty to trespassers, except to avoid injuring them willfully, and that he is not obliged to guard his premises against intrusion, even by irresponsible creatures. If the departure from that general rule goes very far, it might be quite difficult to say whether any case where a child has been accidentally injured while trespassing on a stranger's premises is within the exception or the rule. The doctrine of responsibility for having on one's premises an inviting or attractive danger to children must be—and we think it has been—confined to cases where the dangerous agency is so obviously tempting to children that the owner is guilty of negligence for failing to observe and guard against the temptation and danger. Almost any object that a little child can climb or play upon is tempting or inviting to him, and almost any such object that is not intended for a child to climb or play upon is dangerous for him to climb or play upon. If a pile of cross-ties is so obviously inviting as a plaything for children that it is negligence, per se, for the owner of the premises not to observe and guard against the danger of such temptation, what should we say of any wood pile or lumber stack, a ladder, fruit tree, or any other object not less tempting to children, nor less dangerous for them to climb or play upon, than is a pile of cross-ties?

We must bear in mind, with due respect to the parents and their children, that the duty of protecting children from the danger of playing upon a pile of cross-ties belongs more to the occupation of rearing children than to the business of handling cross-ties. We do not mean that there was negligence or failure of duty on the part of the parents in this instance, but merely that there was no negligence or failure of duty on the part of the defendant. The pile of cross-ties was only about 150 feet, and in plain view, from the plaintiffs' residence. They did not, before the accident, complain of the cross-ties being piled so near to their house or to the street or road; and we have no doubt they would have complained, before the accident, if the danger and temptation to the children had been so obvious to any one that it was negligence for the railway company to fail to observe and guard against the danger.

We are constrained to hold that the verdict and judgment appealed from are not supported by the doctrine of responsibility for maintaining an attractive danger.

The judgment is annulled, and the plaintiffs' demand is rejected, at their cost.