DORÉ, Judge.
In about September, 1949 the East Baton Rouge Parish School Board awarded a contract to the defendant W. R. Jones for the construction of a gymnasium on the grounds of the North Highlands Public Grade School in the City of Baton Rouge. The said contractor started the construction some time in September, 1949 and on April 10, 1950, when the construction was almost completed, it is shown that there was present on the school ground a pile of lumber estimated by the trial judge from the evidence to be two feet high by four feet wide by fourteen feet long, located approximately fifteen feet north of a wide concrete sidewalk which ran east and west some sixty feet south of the gymnasium. It is further shown! that on the said date of April 10, 1950, Jon Judith Jackson, a seven year old first grade pupil in that school, while playing “follow the leader” with other first grade pupils, followed the leader over this pile of lumber and that while on the lumber pile she was pushed by a classmate and was thereupon caused to fall resulting in an ugly gash on the front of her right leg between the knee and the ankle. This suit is brought by her father, plaintiff John C. Jackson, against the contractor, W. R. Jones, and his liability insurer, Great American Indemnity Company, to recover damages for the personal injuries of his minor daughter resulting from the aforesaid incident and based on the allegations that the accident and the injuries were caused by the gross negligence of the contractor particularily in that the timbers were thrown inb> a helter skel-ter stack so that the protruding timbers constituted a hazard and for “failure to provide a barricade to prevent children from being attracted to a place in the vicinity of a pile of timbers containing protruding nails and stacked in a dangerous manner on a public school ground”.
The defendants in their answer deny any negligence on the part of the defendant contractor and sets up the alternative plea of contributory negligence on the part of plaintiff’s minor daughter.
After trial of the case, for lengthy and thorough reasons for judgment, the trial judge rendered judgment in favor of the defendants, dismissing the plaintiff’s suit at his cost. The plaintiff has appealed.
There are three issues presented to us on this appeal, to-wit: 1. Was the defendant contractor guilty of any actionable negligence whatsoever? 2. Even if negligence could be found on the part of the defendant, was plaintiff’s minor daughter guilty of contributory negligence barring recovery herein? 3. Even if it can be said that defendant was guilty of any negligence, is it not a fact that there was an intervening and unforeseeable cause or causes constituting the proximate cause of the accident?
The trial judge, in answer to the first question, found that the preponderance of the evidence does not establish negligence on the part of the defendant. In the lower court the main contention of plaintiff was understood by the trial judge to be that his claim was based upon the attractive nuisance doctrine and in his written reasons for judgment he very thoroughly reviewed the jurisprudence involving that doctrine and correctly showed that it was not applicable herein. In this court the plaintiff earnestly submits that the important question involved is not “whether the pile of lumber constituted an attractive nuisance or not, as that doctrine is not applicable in this case. Under the attractive nuisance doctrine, the dangerous instrumentality, in order to constitute an attractive nuisance, must be of a severe and manifest danger. Plaintiff submits that, to the contrary in this case, it is not necessary to show that the dangerous instrumentality was extremely severe in order to allow recovery because *559 the dangerous article was located on a public school ground. It would appear that any degree of negligence whatever in allowing a dangerous device to ibe placed upon and maintained under such circumstances would be actionable negligence. Plaintiff therefore submits that the pile of lumber containing protruding nails placed by defendant Jones on the school ground was an act of negligence that renders him answerable in damages for the plaintiff's daughter.”
It seems clear, therefore, that it is now conceded by the plaintiff that the attractive nuisance doctrine has no application herein and that the plaintiff relies solely on alleged acts of negligence ¡by the contractor. These alleged acts of negligence are that the contractor stacked the lumber in an improper manner and that he allowed protruding nails to remain on said stacked lumber, and also that the lumber was stacked in an open space on the school grounds without any barricade.' As for the lattgr contention the evidence is clear cut to the effect that at the beginning of his work the contractor conferred with the principal of the school and inquired whether or not barricades should be provided for the storing of building material, and that the principal and he, after careful consideration, arrived at' the conclusion that barricades around building material would not reduce the hazard but would probably increase the hazard in that it is an obvious fact that small children have a tendency to climb barricades and to investigate what is within. Instead of using barricades it was agreed between the contractor and the principal that definite instructions would be given to the pupils to keep away from the construction area and it is clearly shown that such instructions were repeatedly given to the pupils by all the teachers in all the classrooms and the contractor had every reason to believe that all the pupils, including the plaintiff's minor daughter, were fully instructed to keep away from the building area. In fact, the teacher of plaintiff’s minor daughter testified that these instructions were given by her about twice every week in such a manner that any six year old child could understand what was meant. Moreover, it was agreed between the contractor and the principal that teachers would act as supervisors of the pupils during recesses, and it is shown that at the time of the accident herein the teacher of plaintiff’s minor daughter was actually supervising the play of this child and other pupils of her class. Under these circumstances it would be unreasonable to conclude that the defendant contractor was in any manner negligent or imprudent in failing to provide barricades. It seems apparent that the only type of barricades which would have prevented the school children from having access to a pile of lumber or building material and would have been safe in itself, would have been impractical and prohibitive in cost.
As to the charge of negligence that the lumber was stacked in a helter skelter manner, the evidence is quite to the contrary to the effect that the planks constituting the lumiber pile were stacked in an orderly manner. The fact that this little girl was able to stand on the stack of lumber and did not fall until being pushed corroborates the testimony that the planks were stacked in an orderly manner.
As to the charge that there were protruding nails on the timbers in,the lumber pile, the only evidence that such was the case is the testimony of plaintiff’s minor daughter that she cut her leg on a nail and the testimony of her teacher that in trying to find a nail she cut her shoe on a nail. On the other hand we have the testimony of the contractor to the effect that the boards on this wood pile were scaffolding boards used on steel scaffolding and consequently not nailed. He further testifies that it was his definite custom and instructions to remove all nails before stacking lumber and there is no showing that such instructions and custom were violated.
It is further shown that the lumber was stacked at a safe distance from a wide paved sidewalk on the south side of the gymnasium usually used by the children in entering the playgrounds on the east and west side of the gymnasium and that there was no reason for these children to have passed near the lumber pile except in their enthusiasm in their game of follow the leader, *560 which could not be anticipated or foreseen by the contractor. It is apparent that even the supervising; teacher did not foresee or anticipate such action on the part of these children even though she wals there present and in their charge. Under the circumstances we fail to' find any negligence whatsoever on the part of the contractor and therefore the judgment should be affirmed.
On the question of contributory negligence, it is clearly shown that plaintiff’s minor daughter deliberately violated instructions given her to stay away from the building material and it is clear that she knew full well that she should not have jumped on or over the lumber pile. Nevertheless it is argued by plaintiff that a child seven years old cannot 'be guilty of contributory negligence and it was so held in the case of Borman v. Lafargue, La.App., 183 So. 548, 552, and Bodin v. Texas Co., La.App., 186 So. 390, 392, but as pointed out by the trial judge the facts in these cited cases were quite different from the facts of the case at bar; that it might be reasonable to hold that a seven year old child could not be guilty of negligence in his contacts with automobiles, elevators and other machines, but that does not mean that the same child could not be guilty of negligence under the circumstances existing in the instant case. In considering and applying the law of negligence as it relates to children, it is proper to take into' account the peculiar facts and circumstances of each case. See Cook v. Louisiana Public Utilities Company, La.App., 19 So.2d 297; Delahoussaye v. City of New Iberia, La.App., 35 So.2d 477. In the instant case it seems clear that the seven year old child was fully aware that she was violating definite instructions from her teacher and that moreover she was fully aware that she was taking a chance of being injured when she jumped on the lumber pile. The trial judge found her to' be an un-usally bright child. We believe that his conclusion that she was guilty of negligence for which she can be held accountable is correct.
With reference to the third question as to whether or not the accident was caused by an intervening cause which could not be foreseen by the defendants, we fully agree with the trial judge in his statement as follows:
“If we grant for argument that defendant Jones could be held to be guilty of negligence in any manner then such negligence was fully accomplished and at an end before the accident, and the accident was brought about by a distinct, separate and .intervening cause. The leader of the game which the children were playing and probably others had passed over the pile of lumber without mishap and we can assume that Judith Jackson would have done the same if it had not been for the fact that as Judith jumped on or over the boards Brenda, or some other child, gave her a shove that upset her, causing her to fall and receive the injury. This act of a third person unrelated to the act of Jones in placing the material on the ground was the cause of the child’s injury. This principle of law is well established and enforced. It is succinctly stated in 45 C.J. 931-932 ; 65 C.J.S., Negligence, § 111, as follows:
“ ‘A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, even though the injury would not have occurred but for such condition or occasion.’
“In Kendall v. New Orleans Public Service, La.App., 45 So.2d 541, 544, a short circuit and fire broke out on a street car. A panic stricken passenger knocked a person down causing injury. The plaintiff sued the street car company. It was held that the defendant was not negligent, but if it were negligent in causing the fire it was not liable because the original negligence was not the proximate cause of the damages. I quote from that decision as follows:
“ ‘Original negligence is not the proximate cause where there is a totally unexpected act of an intervening *561 third party. Petrich v. N. O. City Park Imp. Ass’n, La.App., 188 So. 199.’
“Again I quote from that decision:
“ ‘The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken 'by an efficient intervening cause, produces the injury, without which the result would not have occurred. Williams v. Pelican Creamery, La.App., 30 So.2d 574; Cavaretta v. Universal Film Exchange, La.App., 182 So. 135; Moore v. Jefferson Distilling, etc. Co., 169 La. 1156, 126 So. 691’.
“And again from that same decision:
“ ‘Since I find that defendant was not guilty of negligence, and even if it were, plaintiff’s injury was not the proximate or foreseeable consequence thereof, but was due to' the unforeseeable, irresponsible and unjustifiable act of a third person, there must be judgment for defendant.’ ”
For the reasons set forth the judgment below is entirely correct and is therefore affirmed.