**62 So.2d 817**

**MATAYA v. DELTA LIFE INS. CO.**

**No. 40927.**

Jan. 12, 1953.

Normann & Normann, New Orleans, for Delta Life Ins. Co.

Normann, Schonekas & Normann, New Orleans, Breazeale, Sachse & Wilson, Baton Rouge, Warren O. Coleman, New Orleans, for amici curiae.

Graham & Graham, New Orleans, for Richard Mataya.

McCALEB, Justice.

This is a suit for recovery of the proceeds of a $500 life insurance policy in which the insurer seeks to avoid responsibility on the ground that the insured made material false statements in her written application for the insurance. The insurer prevailed in the lower court but the judgment was reversed on appeal, La.App., 58 So.2d 564, the Court of Appeal holding that, forasmuch as the policy was not one of industrial life insurance as defined by Section 7.01 of Chapter 7 of Act 195 of 1948, the Insurance Code, LSA–R.S. 22:- 251, the special defense was not available to the insurer because the written application, not being attached to the policy, was inadmissible in evidence in view of Section 14.08 of the Act, LSA–R.S. 22:618. We granted certiorari in order to examine the validity of the premise on which this conclusion was reached.

Section 7.01 of Chapter 7 of the Insurance Code defines Industrial Life Insurance, issued by domestic insurers, as follows:

"1. Industrial life insurance is hereby defined to be that insurance for which premiums are regularly payable and collectible and the policies or benefit certificates for which:

"(a) do not exceed twelve hundred fifty dollars on a single life,

"(b) provide a weekly cash benefit for disability, caused by sickness or accident, or forty dollars per week or less,

"(c) provide for the payment for or furnishing of hospitalization, drugs, attending physician and surgical costs,

"(d) provide for the payment for or furnishing of a funeral, all as herein limited and provided."

The Court of Appeal reasoned that the section made it mandatory that a policy of industrial insurance provide coverage for each and every type of benefit mentioned therein and that, since the contract sued upon did not include the benefits set forth in paragraphs (b), (c) and (d), it was not industrial life insurance. This conclusion was based on the theory that the language of the section is clear and explicit and that, since the various types of coverage provided for are separated by commas and not by the disjunctive "or", it necessarily follows that all must be contained in the policy.

We cannot subscribe to this view. Whereas the language of the section describing the different sorts of benefits is free from ambiguity, the inadvertence of the Legislature in separating the various categories solely by commas has rendered its intention equivocal—for it is manifest that either the conjunction "and" or "or" must be supplied in order to ascertain whether it was deemed essential that coverage be included for one or all of the specified benefits.

Obviously, then, a question of statutory construction is presented—a judicial mat-ter to be determined by the rules provided in Articles 16, 17 and 18 of our LSA–Civil Code. Article 18 declares that the universal and most effectual way of discovering the true meaning of a statute, when the language is doubtful, "* * * is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it."

By applying this precept in the case at bar, no difficulty whatever is encountered in ascertaining the intent of the Legislature because, as we are here dealing with a codification and revision of existing laws on the subject of life insurance generally, a cursory examination of the prior statutes provides the answer. Ever since 1906, when industrial life insurance was initially defined by our Legislature, it has been repeatedly declared to be that type of insurance embracing small policies (maximums varying between $500 and $2,500 under the particular statutes) or providing weekly cash benefits (not more than $40) or for the attendance of a physician or supplying drugs or furnishing a funeral. See Acts 65 of 1906; 240 of 1916; 148 of 1936 and 340 of 1942. In all of these acts, the Legislature consistently employed the disjunctive "or" in separating the particular types of coverage described therein as constituting industrial life insurance.

With this knowledge before us, it would be highly unrealistic, we think, to conclude that the Legislature intended to radically change the nature of industrial

life insurance by its adoption of the Insurance Code in 1948, in the absence of specific language to that effect. See 50 Am. Jur., Statutes, Sections 446, 447 and McDonald v. Hovey, 110 U.S. 619, 4 S.Ct. 142, 28 L.Ed. 269. Indeed, following the decision of the Court of Appeal in this case, the Legislature rewrote the Section of the law now under discussion and inserted therein the disjunctive "or" after each of the four categories of industrial insurance covered by its definition, thus clarifying any doubt which may have existed as to its intent. See Dugas v. Ascension Parish School Board, 221 La. 618, 60 So.2d 12.

 · Being of the opinion that the policy in this case is one of industrial life insurance, there remains for disposal the question of the validity of the insurer's special defense. However, we deem it proper to remand the case to the Court of Appeal for its determination of this matter as it has not, in view of its decision herein, had occasion to consider the merits of the case.[1]

The judgment of the Court of Appeal is reversed and the case is remanded to that Court for further proceedings consistent

1. Although this Court is vested with the power to dispose of the case finally on a writ of review, see Section 11 of Article 7 of the Constitution; Oil Field Supply & Scrap Material Co. v. Gifford Hill & Co., 204 La. 929, 16 So.2d 483, it would appear to be the better practice to remand the case to the Court of Appeal in

with the views herein expressed. The costs of this writ of review are to be paid' by plaintiff; taxation of all other costs is deferred until final determination of the case by the Court of Appeal.

instances where that Court has not had the opportunity, or has found it unnecessary, to review the merits of the controversy under its appellate jurisdiction. This is especially true, in a case like this, where the writ has been granted for the specific purpose of reviewing a particular ruling of law.