69 So.2d 729 (1953)
224 La. 403
JACKSON
v.
JONES et al.
No. 41138.
Supreme Court of Louisiana.
December 14, 1953.
Rehearing Denied January 11, 1954.
*730 Fred G. Benton, Sr., Edward Donald Moseley, Fred G. Benton, Jr., Thomas H. Benton, Baton Rouge, for plaintiff-appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Robert Vandaworker, Baton Rouge, for defendants-respondents.
McCALEB, Justice.
On April 10th, 1950, plaintiff's seven year old child, Jon Judith Jackson, a first grade pupil of North Highlands Public Grade School of Baton Rouge, fell on a pile of lumber which had been stacked on the playground by the defendant, W. R. Jones, a contractor who was engaged in building a gymnasium on the school grounds. As a consequence of the fall, the child's left leg was lacerated by coming in contact with a nail protruding from one of the planks in the pile of lumber.
Alleging, among other things, that the accident is attributable to the negligence of the contractor in stacking lumber containing protruding nails on a children's playground, plaintiff brought this suit, on behalf of the minor, for recovery of $2000 damages against Jones and his liability insurance carrier, Great American Indemnity Company.
The defendants admitted the accident but denied responsibility therefor, affirmatively asserting that Jones was without fault in the premises and that the child's injuries were due exclusively to her own carelessness as she had been explicitly warned by the school authorities not to go on or near the portion of the schoolyard where Jones was engaged in constructing a gymnasium. And, in the alternative, they pleaded that the child was guilty of contributory negligence.
After hearing evidence on these issues, the district judge exonerated Jones of the charges of negligence holding that the accident was attributable to an intervening cause, i.e., the pushing of the child by a schoolmate and further that she was guilty of contributory negligence in not obeying instructions from the principal of the school to keep away from the construction area. On appeal, the judgment was affirmed by the Court of Appeal, First Circuit. See 61 So.2d 557. We granted certiorari.
The record reveals the following undisputed facts. Jones, having been awarded a contract by the East Baton Rouge Parish School Board for the construction of a gymnasium on the grounds of North Highlands Public Grade School, started operations sometime in September of 1949 and, by April of 1950, had almost completed the building. At that time, his workmen salvaged certain lumber from the job and stacked it on the playground near a wide concrete sidewalk which ran east and west some 60 feet south of the gymnasium. The trial judge estimated from the evidence that the pile of lumber was two feet high, four feet wide and fourteen feet long.
There were almost 1000 pupils in attendance at the school and, of these, about 120 *731 comprised the first grade, in which Jon Judith Jackson was enrolled. On the day of the accident, this first grade class, which is divided into three sections of approximately forty pupils each, was recessed at the noon hour for play in the schoolyard and were placed under the supervision of Mrs. Norma J. Herndon, the teacher of the section to which the Jackson child was assigned. Part of this group, including the Jackson child, became engaged in playing "follow the leader" and, in pursuing their game, walked or jumped on the pile of lumber. During this maneuver, the Jackson child was pushed by a classmate, causing her to fall on the lumber and suffer an ugly gash on her left leg between the knee and ankle. Mrs. Herndon, who was immediately informed by the children of the occurrence of the accident, went to the assistance of the child and had her carried to the office of the school principal, Mr. Jay Bailey, who brought her to her home. From there, she was taken to Our Lady of the Lake Sanitarium where nine stitches were taken in her leg.
The Court of Appeal found that the case presented three issues for determination
(a) Was the defendant contractor guilty of actionable negligence in permitting the lumber to be left unattended and unguarded on the school playground?
(b) If it is held that he was negligent in this respect, was plaintiff's minor child guilty of contributory negligence barring recovery herein?
(c) If the contractor was negligent, is the accident attributable to his fault or was it due to an intervening and unforeseeable causethe push given the child by one of her playmates which caused her to fall?
After discussion, the Court of Appeal answered each proposition favorably to the defense.
We are unable to subscribe to these rulings under the facts revealed by the record. Considering each of the three questions in its respective order, we entertain no difficulty at the outset in resolving that the contractor was negligent in placing, and in permitting to remain upon the schoolyard unattended and unguarded, a pile of lumber which was inherently dangerous to children by reason of the fact that it contained protruding nails. Jones owed to the children a duty of ordinary care to see that his operations at the school did not visit injury upon them and, indubitably, he could and should have foreseen that the placing of a pile of lumber on or near the playground of the school, would immediately attract their attention and natural curiosity. Of course, if this pile of lumber provided no great hazard to the safety of the children because it was stacked evenly, was only two feet high and did not contain protruding nails, as found by the district judge and the Court of Appeal, there would not be any liability as it is essential, in this type of case (like those falling under the attractive nuisance doctrine), that the offending object be not only tempting and inviting to the child but it must also be inherently dangerous for him to climb or play on. See Tomlinson v. Vicksburg, S. & P. R. Co., 143 La. 641, 79 So. 174 and Annotation on Liability of landowner for injury to or death of child resulting from piled or stacked lumber or other building materials, 28 A.L.R.2d 218-242. Compare Salter v. Zoder, 216 La. 769, 44 So.2d 862.
However, unlike the factual resolutions of the lower courts, we think that the evidence in this case clearly justifies a ruling that the lumber contained protruding nails and it was, therefore, inherently dangerous to children.[1] Hence, Jones was derelict in permitting it to remain unguarded on the playgroundunless it be that he was *732 legally excused from fault by other measures which he claims to have provided.
The Court of Appeal thought that Jones had done all that was required of him because the evidence shows that he conferred with the principal of the school, at the time he undertook performance of his contract, respecting the necessity of suitable enclosures for the places used for the storing of building material; that the principal was of the opinion that barricades would probably increase the hazard as there is a tendency for small children to climb over them in order to investigate that which is beyond their reach and that, therefore, it was agreed that it would suffice for the principal to give definite instructions to the pupils that they should keep away from the building area. The court said that, since these instructions were given, it would be unreasonable to conclude that Jones was negligent.
We think that this holding is erroneous. The fact that Jones and the principal agreed that the use of barriers would not reduce the hazard caused by the storing of materials, inherently dangerous to children, on the premises does not absolve the former from his derelictionfor it is manifest that any delegation by him of discretion to the school principal to determine the appropriate measures which would exonerate him from negligence is unavailing against the injured person, as is any agreement between them on these matters, unless the precautions taken can be regarded as legally adequate. Now, these precautions, according to the evidence, consisted of periodic written notices, sent out while the work was in progress, to stay away "from where the men were working". Obviously, such a notice was wholly ineffective so far as this case is concerned, as there were no men working at or near the place where the lumber was piled and, consequently, there was no reason for the children to believe that it would be dangerous for them to play on the stack.
But, above this, the question of whether warnings to the children to refrain from doing particular acts (as a substitute for barricades in this case) will suffice to excuse a defendant from the consequences of the creation of a dangerous condition involves, we think, an issue of whether the child was guilty of contributory negligence in not heeding the warningfor it is clear that, if the child is of such tender years and lack of understanding as to be incapable of legal fault, warnings are of no avail and a reasonably prudent man is charged with notice of this fact.
On the question of the contributory negligence of the child, the Court of Appeal remarks that she was fully aware that she was violating definite instructions from her teacher and that, in addition, she was cognizant that she was taking a chance of being injured when she jumped on the lumber pile. After a review of the record, we are constrained to hold that these observations are not supported by the evidence. The little girl testified that she was not aware of the instructions, stating that she was probably absent from school on the day that they had been given. But, aside from this, as we have above pointed out, there were no instructions given to keep off an unattended lumber pile but only that the children were to stay away from where the men were working.
Moreover, there is no evidence showing that the child was aware that she was taking a chance of being injured when she jumped on the lumber pile. We opine that, whereas it may be that a child of marked intelligence is capable of contributory negligence under certain circumstances *733 (see 38 Am.Jur. Verbum "Negligence" §§ 204, 205; 65 C.J.S., Negligence, § 145, page 785 and Annotation entitled "Contributory Negligence of Children" 174 A.L.R. 1080-1166), it is basically inaccurate to say that a seven year old child attending the first grade at school is legally responsible for the consequences of her impulsive act in walking or jumping on a two-foot high pile of lumber located on the school playground, while engaged in the game of "follow the leader" with her playmates. Indeed, we believe it is more realistic to hold, conformable with Borman v. Lafargue, La.App., 183 So. 548 and Bodin v. Texas Co., La.App., 186 So. 390, that a child of these tender years is to be considered as being incapable of contributory negligence in the absence of a showing of extraordinary conditions which we do not find to be present here. To hold otherwise would effectually abolish the duty of care placed upon the contractor in this case that is, that he should have foreseen that the children of the school would be attracted to and would go upon the unguarded lumber which was inherently dangerous to them.
Lastly, we direct our attention to the point that Jones is not responsible because the proximate cause of the accident was the push given plaintiff's child by another playmate which produced the injury. The determination of the proximate or efficient cause of an accident, as distinguished from the remote cause, is sometimes difficult of practical application and often turns "upon the very nicest discriminations". The Louisiana Mut. Ins. Co. v. Tweed, 7 Wall., U.S., 44, 19 L.Ed. 65. However, in matters like this, the criterion governing liability is whether the person creating the danger could or should reasonably have foreseen that the accident might occur. If such were the case, then he is liable notwithstanding the intervening cause. See 38 Am.Jur. Verbum "Negligence" § 70, pages 726, 727.
Applying this rule to the case at bar, we think it clear that Jones, in exposing the young children of the school to the inherent danger of the unattended lumber containing protruding nails, should have been fully cognizant not only that a child might suffer injury by climbing upon the lumber but also that injury might ensue while at play thereon as the consequence of a fall brought about by a push or shove (an intervening act) of one of his companions. Since we think it reasonable to conclude that a prudent man similarly situated would have anticipated an accident such as this, the last result, that is the push given by the little girl's playmate, is to be regarded as the proximate consequence of the initial wrongful act. 38 Am.Jur. § 70, page 727 and authorities cited; Salter v. Zoder, supra.
In accordance with the practice which has been adopted by us in this type of case (see Salter v. Zoder, supra; Mataya v. Delta Life Ins. Co., 222 La. 509, 62 So.2d 817; White v. State Farm Mut. Auto. Ins. Co., 222 La. 994, 64 So.2d 245; Board of Com'rs of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313 and Herget v. Saucier, 223 La. 938, 67 So.2d 543), the matter will be remanded to the Court of Appeal for the determination of the quantum of damages to which plaintiff may be entitled.
The judgments of the district court and the Court of Appeal are therefore reversed and the case is remanded to the Court of Appeal for the First Circuit for further proceedings in accordance with the views herein expressed. All costs are to be paid by defendants.
HAMITER, J., dissents and assigns written reasons.
HAMITER, Justice (dissenting).
My views in this case are the same as those which I expressed in a dissenting opinion in Salter v. Zoder, 216 La. 769, 44 So.2d 862 (involving a somewhat similar factual situation and cited by the majority as authority for the Court's decree). Herein, as therein, I am of the belief that the stack of lumber was not the proximate or efficient cause of the accident and injury.
I respectfully dissent.
NOTES
[1] The little girl testified that the gash in her leg was caused by a nail and she is corroborated in this statement by the physical fact that the wound required nine stitches. Her teacher, Mrs. Herndon, supports this evidence stating that, when she was called to the scene, the children told her that plaintiff's daughter had cut her leg on a nail, pointing to the nail protruding from the plank, and that she (the witness) had ripped the end of her new shoes off "on a nail down at the bottom of the lumber". This evidence is not rebutted by Mr. Jones. He merely says that he believed that the pile of lumber on which the child fell was composed of scaffolding boards and that these boards do not usually contain nails. He further avouches that his workmen were instructed to remove the nails from any lumber salvaged from the job but he produced no evidence whatever to show that these instructions were obeyed or that the pile of lumber did not contain protruding nails as shown by plaintiff's witnesses.