CAVANAUGH, Judge
(dissenting).
I respectfully dissent from the majority opinion in this case in holding that the defendant was not negligent in the initial installation of the telephone in plaintiff’s home. The light cord to the lighting fixture on the bed was installed long prior to the installation of the telephone. The defendant, in installing the wires and bringing the telephone line into plaintiffs bed room, installed the box and its wires in such close proximity to the light wires going to plaintiff’s bed lamp that defendant should have anticipated the hazard and tragic consequences which could happen during an electrical storm and that atmospheric electricity could be conducted over the power line and then after it had entered the room over the power line could arc over and be inducted into the telephone line.
I do not see any difference in this case than one where telephone and telegraph companies and electric light companies string their wires or construct their poles and other apparatus so close together that when an act of Providence acting in conjunction with them on account of their close proximity produces an accident causing personal injury or damage to property they are both joint tort feasors and liable to the person who suffers property damage or personal injury. Surely if these wires had been placed on the outside of plaintiff’s home so close to each other and had caused the induction of this current from atmospheric electricity or from one high voltage wire to another, they both would be liable. The fact that the installation was inside of the house is immaterial.
“Due care requires of those using wires or conductors of electricity so to place and maintain them with reference to similar conducting agencies that dangerous contact be not probable; and where wires maintained concurrently by different parties are so erected or strung that they are likely to touch, possibly with destructive consequences, either or both parties must make efforts to remedy such dangerous condition, and if an injury occurs through the neglect of such duty, both are liable.” Simmons v. Shreveport Gas, Electric Light & Power Co., Ltd., 116 La. 1033, 41 So. 248.
Bell v. Louisiana Power & Light Co., 11 La.App. 557, 123 So. 396.
“ * * * Reasonable care must be exercised to afford protection from atmospheric as well as artificial electricity, and injury from lightning or atmospheric electricity conducted, generated, or accumulated by or in the wires must be guarded against by proper precautions and devices. This duty is performed where the devices and appliances best known to science are employed, since to impose more would be to place on an electric company the responsibility of an insurer against lightning. The mere leaving of telephone wires on a house, from which the phone has been removed, as with respect to injuries from lightning, is not negligence as a matter of law, but a failure to use ordinary care *601 to equip such wires with lightning ar-resters or otherwise properly ground them so as to afford protection from lightning, constitutes negligence. ******
“If a telephone company knows of, or by reasonable care would have known of, changed condition by addition built by customer, making location of lightning arrester dangerous, it is its duty to move it. — Pearce v. Mountain States Telephone & Telegraph Co., 65 Colo. 91, 173 P. 871, L.R.A.1918F, 1102.” 29 C.J.S., Electricity, § 49, page ,598.
Defendant should have seen from its installation at the time it was done that such an accident as happened to plaintiff could have happened because it was foreseeable when it installed its telephone and extended its lines in plaintiff’s bed room, and should have advised plaintiff of the probable consequences and not have installed its equipment in a place where it would create a dangerous hazard to the owner or any occupant of that house using the telephone under normal or abnormal weather conditions.
The Supreme Court of this State, in Jackson v. Jones, 224 La. 403, 69 So.2d 729, 733, cited American Jurisprudence showing when prior acts of negligence would be considered as the proximate or efficient cause of an accident, as distinguished from the remote cause:
“The determination of the proximate or efficient cause of an accident, as distinguished from the remote cause, is sometimes difficult of practical application and often turns ‘upon the very nicest discriminations’. The Louisiana Mut. Ins. Co. v. Tweed, 7 Wall., 44, 19 L.Ed. 65. However, in matters like this, the criterion governing liability is whether the person creating the danger could or should reasonably have foreseen that the accident might occur. If such were the case, then he is liable notwithstanding the intervening cause. See 38 Am.Jr. Verbum ‘Negligence’ § 70, pages 726, 727.”