SANDERS, Justice
(dissenting).
In my opinion, the Court of Appeal correctly concluded that the intentional act of defendant’s truck driver in obstructing the main railroad line constituted negligence notwithstanding the contract between defendant and the L. & A. Railway and prior practice. Compare Englert v. New Orleans Ry. & Light Co., 128 La. 473, 54 So. 963.
As I view the case, the most serious issue posed is whether the negligence of the defendant was a proximate, or juridical, cause of the harm to plaintiff. This question is not free from difficulty. In this state and elsewhere, the subject of responsible causation is obscured by a smog of empty phrases and verbal intricacies. See Blanks v. Saenger Theaters, 19 La.App. 305, 138 So. 883, 888; Green, Rationale of Proximate Cause (1927) pp. 195-202. It is difficult, if not impossible, to reconcile the decisions that have dealt with it. See II Louisiana Annotations to the Restatement of the Law of Torts (1941), Sections 431, 447; 6 Tulane Law Review 476.
In the instant case, the negligence of the defendant was a substantial factor in producing the harm to the plaintiff. The intervening negligence of the Railway was not a superseding cause for the employees of the defendant should have reasonably foreseen that an emergency stop of a train might occur. Jackson v. Jones, 224 La. 403, 69 So.2d 729. The defendant cannot be absolved from responsibility merely because the negligence of the Railway contributed to the result.
I respectfully dissent.