292 So.2d 289 (1974)
Emanuel STATION, Individually and on Behalf of and as Administrator of the Estate of his minor daughter, Geraldine Station, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY and the East Baton Rouge Parish School Board, Defendant-Appellee.
TRAVELERS INSURANCE COMPANY and the East Baton Rouge Parish School Board, Third-Party-Plaintiff-Appellee,
v.
Roosevelt WILSON, Third-Party-Defendant-Appellant.
No. 9702.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
*290 John H. Taylor, Baton Rouge, for defendant and third-party defendant, Roosevelt L. Wilson.
Teddy W. Airhart, Jr., Baton Rouge, for plaintiff-appellee.
Wm. A. Norfolk, Baton Rouge, for defendant and third-party plaintiffs, Travelers Ins. Co. & East Baton Rouge Parish School Bd.
Before SARTAIN, TUCKER[*] and WATSON, JJ.
SARTAIN, Judge.
This is a personal injury suit brought by Emanuel Station in his own behalf and as administrator of the estate of his minor child, Geraldine Station, who was injured while an eighth grade student at Scotlandville Junior High School by the explosion of an alcohol burning device being used on a Science Fair project.
On May 4, 1967, Miss Station, then fourteen years of age, was participating in a faculty sponsored Science Fair in the gymnasium of that school which is operated by the East Baton Rouge Parish School Board. She and another eighth grader, Amanda White, had, with the help of their *291 science teacher, Roosevelt L. Wilson, assembled a turbine project which required that steam be produced from a heat source. The device chosen to produce the heat was an alcohol burner, which consisted of a gallon glass jug of alcohol with a metal top on it, a pouring spout, and the burner itself.
It appears that the project, which was done at the request of the two girls, was rehearsed in Wilson's science class prior to the exhibition day and that the burner unit and the alcohol were furnished them by Wilson, either from his personal belongings or from school supplies.
Although there is considerable conflict in the testimony, it seems that on the day of the fair, Wilson and the girls set the project up in the gym, Wilson lit the burner for them, checked that the project was working correctly, and then returned to his regular class which was in session, leaving the two girls in the gym.
Sometime thereafter, the burner went out, as it had consistently done on prior occasions to such an extent that other students knew of its tendency to do that. The events that transpired at that point are not entirely clear, but it seems that since the project judges were close by in the gym, an unfortunate attempt to relight the burner was made by Amanda White and another eighth grader who was close by, Jesse Robins. Robins testified that, because there was a malfunction in the burner, that they attempted to light it the way they had seen Wilson do it on prior occasions; that is, by pouring some of the alcohol in a little trough around the side before touching the match to the burner. As Robins was pouring the alcohol, Miss White struck a match to the unit and the glass jug which Robins was holding exploded. Geraldine Stations, who was standing close by, sustained severe burns to her right hand, sides and thighs.
The plaintiff brought suit against the East Baton Rouge Parish School Board and its insurer, the Travelers Insurance Company. Travelers filed an exception of no cause of action which was sustained in the district court, but reversed here, see 236 So.2d 610 (La.App. 1st Cir. 1970), writ refused 256 La. 857, 239 So.2d 359 (1970), and the matter remanded for trial. Prior to that trial, Travelers filed a third party demand against Wilson for recovery from him should they be cast in damages.
Subsequently, judgment was rendered by the trial court in favor of Emanuel Station personally in the amount of $389.95 and, as administrator of the estate of Miss Station, in the amount of $7,500.00, with recognition of the Travelers policy limits of $5,000.00. In addition, judgment was rendered in favor of Travelers on its third party demand against Wilson. Only Wilson has appealed.
There, the district judge, in written reasons, found that Wilson was negligent in that he failed to fully instruct the girls, or anyone else who might assist them, of the dangerous nature of the alcohol and further that he did not positively warn them that the burner was not to be relighted by them should it go out.
The court further found that Wilson should have anticipated that the burner would go out, due to his prior experience with it, and that his failure to warn or provide adult supervision amounted to negligence under the circumstances, that negligence being the proximate cause of the minor's injuries. Pleas of contributory negligence and assumption of the risk by the defendant were overruled, the court finding that Miss Station did not appreciate the danger or take part in the abortive attempt to relight the burner. We affirm the judgment of that court.
The jurisprudence of this state is firmly established that where one creates, deals in, handles or distributes an inherently dangerous object or substance, that an extraordinary degree of care is required of those responsible. Surry v. Arkansas-Louisiana Gas Company, 170 So.2d 133 (La. App. 2nd Cir. 1964); Holland v. St Paul *292 Mercury Insurance Co., 135 So.2d 145 (La.App. 1st Cir. 1961).
This duty is particularly heavy where children are exposed to a dangerous condition which they may not appreciate. Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1953).
Here, a dangerous instrument was placed in the hands of children without any special degree of care, supervision, or direction. Alcohol, a highly flammable substance, was left in their control to be used in connection with a faulty alcohol burner which had continually given trouble. That the situation was fraught with danger is proven by the results.
The duty incumbent upon Wilson under these dangerous circumstances was to either positively warn these girls not to attempt to light the burner if it went out or to personally supervise their use of the equipment or provide adequate adult supervision in his absence. He did none of these things. He testified that he did not teach the children how to light the burner because they were not mature enough to do so, but that he had instructed them as to the flammable properties of alcohol. Nowhere in the record, however, is it established that Wilson directed these children not to attempt to light the burner should it go out. Neither was adequate adult supervision provided which was commensurate with the danger involved. We agree with the trial judge that this was negligence on the part of Wilson and that this negligence was the proximate cause of Geraldine Station's injuries.
It is argued that negligence on the part of Amanda White or Jesse Robins was an intervening cause which should relieve Wilson of liability. This concept is defined in Jackson, supra, in the following manner:
"Lastly, we direct our attention to the point that Jones is not responsible because the proximate cause of the accident was the push given plaintiff's child by another playmate which produced the injury. The determination of the proximate or efficient cause of an accident, as distinguished from the remote cause, is sometimes difficult of practical application and often turns `upon the very nicest discriminations'. The Louisiana Mut. Ins. Co. v. Tweed, 7 Wall., U.S., 44, 19 L.Ed. 65. However, in matters like this, the criterion governing liability is whether the person creating the danger could or should reasonably have foreseen that the accident might occur. If such were the case, then he is liable notwithstanding the intervening cause. See 38 Am.Jur. Verbum `Negligence' § 70, pages 726, 727".
Suffice it to say that these events should reasonably have been anticipated by Wilson and protected against because of the high degree of care incumbent upon him due to the dangerous condition which he created and, as we have previously decided, his negligence was the proximate cause of this accident. As was stated in Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966):
"Pertinent here is the accepted rule that a foreseeable intervening act is not a superseding cause and does not relieve the original wrongdoer from liability. Jackson v. Jones, 224 La. 403, 69 So.2d 729; 38 Am.Jur. Negligence § 70, p. 726." (Emphasis added)
The amount of the award by the trial court has not been questioned by any party to this proceeding.
The judgment of the district court is affirmed in all respects, appellant to pay the costs of this appeal.
Affirmed.
NOTES
[*] TUCKER, J., died on the 25th day of January, 1974.