299 So.2d 513 (1974)
Horace CONTRANCHIS, Individually and as Administrator of the Estate of his minor daughter, Kathy Contranchis
v.
PARISH OF JEFFERSON et al.
No. 6260.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1974.
Rehearing Denied September 10, 1974.
Writ Refused October 25, 1974.
Duke & Porterie, John L. Hantel, New Orleans, for plaintiff-appellant.
Dillon & Williams, Gerard M. Dillon, New Orleans, for defendants-appellees.
Before REDMANN and GULOTTA, JJ., and MARCEL, J. Pro Tem.
CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This is an action brought by Horace Contranchis individually and as administrator of the estate of his minor daughter, *514 Kathy Contranchis, to recover for injuries allegedly sustained by Kathy Contranchis when she fell from a slide and hit her head on a cement slab underneath on a playground (Rosethorne Playground) owned, operated and/or controlled by the Parish of Jefferson and/or its governing authority, Jefferson Parish Council. Also made defendant is Fireman's Fund Insurance Company, alleged to be the liability insurer of the Parish of Jefferson and the Jefferson Parish Council. Defendants filed an exception of no cause of action, which was sustained.
Plaintiff's petition alleges that on the afternoon of September 10, 1972, Kathy Contranchis, a five-year-old girl, was playing on a playground open to public use with the knowledge and consent of the Parish of Jefferson and the Jefferson Parish Council. She climbed to the top of a slide, and fell or jumped to the ground, striking her head on a concrete or cement slab placed at the bottom of the steps with the permission, authorization, and approval of the Parish of Jefferson and the Jefferson Parish Council. Kathy is alleged to have sustained severe brain damage, which is reflected by an abnormal electroencephalogram, and to have become paralyzed on the right side of her body, a condition which persists to some extent.
Plaintiff later amended his petition to allege that the cement slab was removed within one week after the accident by the Parish of Jefferson and the Jefferson Parish Council, and that the cement slab constituted a "trap", as the playground area all around the slide was covered with mud and grass surface.
For purposes of an exception of no cause of action, the facts alleged in plaintiff's petition must be accepted as true. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Verret v. Travelers Insurance Co., 216 So.2d 379 (La.App.3d Cir. 1968); Jack v. Fontenot, 236 So.2d 877 (La.App.3d Cir. 1970). The exception of no cause of action should have been overruled.
In Godfrey v. Baton Rouge Recreation & Parks Com'n., 213 So.2d 109 (La.App. 1st Cir. 1968), a five-year-old boy had two phalanxes of his right little finger cut off when he was riding on a merry-go-round in a public park. The trial court rendered judgment for plaintiff.
The Court of Appeal stated:
"In effect our jurisprudence holds in cases of this nature that municipalities must exercise that care in the maintenance and operation of its public parks, playgrounds, and recreational areas, and the appliances therein and thereof, commensurate with ordinary and reasonable care under the circumstances."
(213 So.2d 109, at 113.)
And, also:
"* * *. The rule requires that the municipality use reasonable or ordinary care to keep such premises and appliances in reasonably safe condition for children and others using them." (ibid., at 113.)
The Court of Appeal went on to find in that case that there was no clear evidence of how the accident happened, and no proof of negligence. It therefore reversed the judgment of the trial court, and dismissed the suit. The principle still stands, however, that a municipality (or parish) is liable if it fails to exercise reasonable care in the maintenance and operation of public parks and playgrounds and to keep them in a reasonably safe condition for children and others using them. Accordingly, the petition of plaintiff sets forth a cause of action if its allegations be accepted as true, as they must be on an exception of no cause of action.
Also pertinent is the decision in Smolinski v. Taulli, 276 So.2d 286 (La.Sup.Ct. 1973). In that case a two-year-old boy apparently slipped below a stair railing and fell to the ground on leased premises. Only one railing was provided on the stairway; it was 36 inches high. The child *515 was not as tall as the stair railing was high. The child sustained a fractured skull and brain damage. The trial court rendered judgment for the defendant. The plaintiff appealed to the Court of Appeal, Fourth Circuit, which affirmed. The Louisiana Supreme Court reversed the judgment of the trial court and of the Court of Appeal and remanded the case to the Court of Appeal to fix the amount of damages.
The Louisiana Supreme Court in the Smolinski case stated:
"Actionable negligence results from the creation or maintenance of an unreasonable risk of harm to others. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Turner v. Caddo Parish School Board, 252 La. 810, 214 So.2d 153 (1968). See also Restatement of Torts, Second, Sections 282, 284, 343 (1965). Further, where small children may be expected to be exposed to the risk, liability for their consequent injury results from conduct or from the maintenance of premise conditions creating an unreasonable risk of injury to them. Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1954); Salter v. Zoder, 216 La. 769, 44 So.2d 862 (1950). See also Restatement of Torts Second, Sections 339, 343B (1965)."
(276 So.2d 286, at 288.)
In the present case, assuming the allegations of plaintiff's petition to be true, the injury to the little girl resulted from the maintenance of premises conditions (viz., the presence of a concrete slab at the base of the slide steps) that created an unreasonable risk of injury to children, who would be known to use the slide.
Further, in Salter v. Zoder, 216 La. 769, 44 So.2d 862 (1950), a six-year-old girl was injured when she fell and struck her face on some sheet metal on top of a stack of lumber on leased premises. She was left with a permanent scar on her left cheek. The trial court rendered judgment for the defendant. The plaintiff appealed. The Court of Appeal, Second Circuit, affirmed the judgment of the trial court. The Louisiana Supreme Court granted certiorari. After hearing the case, the Louisiana Supreme Court reversed the judgments of the trial court and the Court of Appeal, and remanded the case to the Court of Appeal to fix the amount of the judgment.
In Salter, the Louisiana Supreme Court stated:
"It is our opinion, therefore, that the defendant, by placing the lumber in the driveway and covering the same with the sheet metal extending several inches, not only disregarded the right of plaintiff and his family to the unobstructed use thereof, but, having placed the same in a spot where he knew the subject child as well as other children of tender years were accustomed to play, created a condition which he knew was highly dangerous to children and he should have foreseen and anticipated what happened; and for this negligent and imprudent act he is answerable for the damage suffered as a result thereof."
(44 So.2d 862, at 864.)
In a similar fashion, assuming plaintiff's allegations to be true, the Parish of Jefferson and the Jefferson Parish Council should have foreseen and anticipated what happened when it permitted a concrete slab to be left at the foot of steps to a slide. The exception of no cause of action should have been overruled.
Defendants contend, however, that plaintiff cannot recover because of the reasoning found in Gleason v. Housing Authority, 354 Pa. 381, 47 A.2d 129 (1946). In that case, a four-year-old boy fell from a slide he was climbing (the wrong way) to the surface of a cement playground below, fracturing his skull. A motion for compulsory nonsuit was denied, and the case was submitted to a jury, which returned a verdict for the defendant. Plaintiffs moved for a new trial, which was denied. Plaintiffs *516 then appealed. The appellate court held that a compulsory nonsuit should have been entered, apparently on the basis that recovery should not be allowed for injury by a stationary object onto which a child jumped or fell.
We do not follow the decision of the Pennsylvania court for three reasons. First, the case was decided in another jurisdiction, and is not binding upon the courts in this jurisdiction. Second, we cannot agree with the Pennsylvania court that recovery should not be permitted when a child falls or jumps to a stationary surface, if it was reasonably obvious to the defendant that a fall or jump to the stationary object might cause injury. Third, as is asserted in plaintiff's amended petition in the present case, the presence of a slab of concrete at the foot of the slide steps constituted a "trap", when the rest of the surface was grass or mud. In the Pennsylvania case, the entire surface of the playground was concrete.
Finally, defendants contend that the presence of the concrete slab was not the proximate cause of Kathy's injuries, but rather the proximate cause of her injuries was the fact that she fell or jumped. This argument is set at rest by the decision in Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1954). In that case, a seven-year-old girl climbed up on a pile of lumber while playing "follow the leader" on the school-grounds. One of her playmates pushed her, causing her to fall on the pile of lumber and to have her leg torn by a nail protruding therefrom. Suit was brought against the contractor who left the pile of lumber on the grounds. Judgment was rendered for defendant. Plaintiff appealed to the Court of Appeal, First Circuit, which affirmed. The Louisiana Supreme Court granted certiorari, and reversed the judgments of the trial court and of the Court of Appeal. The case was remanded to the Court of Appeal for a determination of the quantum of damages.
In reversing the judgments of the trial court and Court of Appeal, the Louisiana Supreme Court first noted that the case was like those falling under the attractive nuisance doctrine, and then stated:
"Lastly, we direct our attention to the point that Jones is not responsible because the proximate cause of the accident was the push given plaintiff's child by another playmate which produced the injury. The determination of the proximate or efficient cause of an accident, as distinguished from the remote cause, is sometimes difficult of practical application and often turns `upon the very nicest discriminations'. The Louisiana Mut. Ins. Co. v. Tweed, 7 Wall., U.S. 44, 19 L.Ed. 65. However, in matters like this, the criterion governing liability is whether the person creating the danger could or should reasonably have foreseen that the accident might occur. If such were the case, then he is liable notwithstanding the intervening cause. . . .
"Applying this rule to the case at bar, we think it clear that Jones, in exposing the young children of the school to the inherent danger of the unattended lumber containing protruding nails, should have been fully cognizant not only that a child might suffer injury by climbing upon the lumber but also that injury might ensue while at play thereon as the consequence of a fall brought about by a push or shove (an intervening act) of one of his companions. Since we think it reasonable to conclude that a prudent man, similarly situated would have anticipated an accident such as this, the last result, that is the push given by the little girl's playmate, is to be regarded as the proximate consequence of the initial wrongful act. 38 Am.Jr. § 70, page 727 and authorities cited; Salter v. Zoder, supra."
(69 So.2d 729, at 733.)
As we have noted, a prudent man would reasonably have foreseen that children *517 climbing the slide steps might fall or jump therefrom and sustain serious injury upon striking the concrete slab below. Therefore, the presence of the concrete slab at the foot of the slide steps was the proximate cause of Kathy's injuries, assuming the facts alleged by plaintiff to be true.
Because the Parish of Jefferson and the Jefferson Parish Council were negligent in permitting a slab of concrete to be at the bottom of the slide steps, and because their negligence was the proximate cause of Kathy's injuries, assuming the facts alleged in plaintiff's petition to be true, the exception of no cause of action should have been overruled.
Accordingly, the judgment of the trial court is reversed, the exception of no cause of action is overruled, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded.