REDMANN, Judge.
A father appeals from the dismissal on jury verdict of his suit for damages from the tragic death of his seven-year-old son. The issues are largely of inferences to be drawn from the evidence. We affirm.
*39 The child was run over by a soft, drink truck which had been parked on a sidewalk making a delivery at about 6:45 p. m. March 7, 1974. The evidence supports no other conclusion than that the child was not in front of the truck until an instant before it moved. The evidence also supports a conclusion (although not so conclusively) that the child had been under the parked truck until just before (“about two seconds later”?) it started, and (less conclusively) that the child attempted to get out and barely managed to stand on the curb in front of the truck (though too short to be seen from its cab) before it moved and rolled over him: and we conclude these must have been the conclusions of the jury (although it may have rejected the testimony of the witness who said he saw the child standing “on the edge of the curb . in the process of being hit” but also testified the child was not visible near the truck just before it was hit).
Appellant complains that “under the duty-risk analysis, negligence is apparent.” Appellant refers to the truck driver’s duty not to park on the sidewalk. First, although we recognize that the truck’s being above the child was as much a cause-in-fact of the accident as was the child’s being under the truck, and that the truck’s presence in the child’s vicinity was in that sense a cause-in-fact of the accident, we conclude that parking on the sidewalk (as opposed to parking on the street seven feet away) was not shown to be a cause-in-fact of the accident. There is no evidence explaining the youngster’s being under the truck, but it is unthinkable that he got under the truck in order to use the sidewalk, or because he could not use the sidewalk. (There was ample room between sidewalk and building for anyone to pass.) Presumably he got under the truck because he was attracted by something under it, either its own mysteries or something such as a dropped coin or the like. Thus his presence under the parked truck is in no way related by the evidence to the truck’s being parked on the sidewalk rather than immediately adjacent to the sidewalk. We cannot say that but for the truck’s parking on the sidewalk the accident would not have occurred. (Compare Dixie Drive It Yourself Sys. v. American Beverage Co., 1962, 242 La. 471, 137 So.2d 298, and Pierre v. Allstate Ins. Co., 1970, 257 La. 471, 242 So.2d 821, in each of which but for the parking of a vehicle on the highway the collision with a vehicle travelling on the highway would not have occurred.) Had a pedestrian walked in a roadway (or a child walked under the parked truck) because of a parked truck’s preventing passage along the sidewalk, we might conclude that the improper parking caused the pedestrian’s presence in the roadway (or the child’s presence under the truck) and therefore was a cause-in-fact of an injury to the pedestrian (or child) there occurring; but we cannot similarly reason here that the truck’s being simply on the sidewalk (rather than next to it) caused the child to go under the truck and thus caused his fatal injury. Second, we conclude that the risk of children’s crawling under vehicles is not a risk intended to be avoided by ordinances (or common sense) proscribing parking on sidewalks. The most evident purpose of the duty not to park on sidewalks is to preserve those walks for walkers, so that pedestrians need not travel in the roadway, endangered there by moving vehicles. In any event, as we have first noted, the location of the parked truck on the sidewalk was not shown to be a condition, a sine qua non, a “but for”, and in that sense a cause of the child’s injury.
Appellant also complains of the trial judge’s refusal to admit into evidence a policeman’s diagram of the truck’s location prior to the accident. This refusal was harmless, if error at all. Despite great effort to fix with mathematical precision the location of the truck, no one suggested anything other than that the truck had three of its four wheels off the street and that the truck was almost entirely parked over the curb and sidewalk. Appellant does not suggest any material difference in the evidence had the diagram been admitted.
Appellant also complains of the trial judge’s refusal to charge the jury that *40 a seven-year-old child is incapable of contributory negligence in the absence of a showing of extraordinary conditions (as held in Jackson v. Jones, 1953, 224 La. 403, 69 So.2d 729). The trial judge did err in charging instead a test like that of Simmons v. Beauregard Parish Sch. Bd., La.App. 3 Cir. 1975, 315 So.2d 883, 888, writ refused La., 320 So.2d 207 (a case of a 13-year-old). However, the jury indicated, by asking whether it might award funeral costs despite a finding of no negligence on defendant’s part, that this erroneous charge was not a basis for its result. We therefore conclude this error was harmless.
Appellant’s final complaint is the general one that the verdict is contrary to the law and the evidence. To the virtually undisputed facts already recited we add that the child had been seen by the defendant driver when he first parked, at which time he promised him a soft drink on completion of the delivery. Delivery took 30 minutes or more during which the boy ran in and out of the store to which the delivery was being made. At the end of the delivery the driver looked casually for the child but did not see him. Immediately before ascending the truck to leave, the driver walked from the passenger’s side behind the truck to the driver’s door, and his helper walked from the driver’s side in front of the truck to the passenger door, and the child was not seen by either. Appellant urges that, having seen the child earlier, the driver had the duty of the highest degree of care, which would oblige him to look under the truck. We agree that a driver who has seen a child in the immediate vicinity of his truck and has by a promise of a soft drink enticed the child to stay near the truck, and who moreover has parked his truck on the sidewalk (where children are supposed to be), has an obligation of greater care than a driver parked in the street who has not seen children in his vicinity. However, we reason that the extent of the obligation to the child depends upon such factors as the child’s apparent age and discretion. Perhaps the recently-noted presence of an unattended infant, a year or two old, would require a driver to look under his parked vehicle for the infant before moving. We cannot, however, rule that having recently seen a seven-year-old child in the vicinity obliges one who is about to move a parked vehicle to anticipate that the child would have crawled under the vehicle, and therefore to look under the vehicle for the child before moving. We cannot say the jury verdict is contrary to the law and the evidence.
Affirmed.