GULOTTA, Judge,
dissenting.
I dissent.
On May 8, 1976, between 12:00 and 12:30 p. m., Thomas Ross was driving his automobile in a downtown direction on Laurel Street in the city of New Orleans. Ross testified that he was traveling at a speed of approximately 15 or 20 mph in a 25 mph zone. Laurel Street is a one-way street and at the time of the accident automobiles were parked on both sides of the street. *385 According to the trial judge, at the uptown river corner of the intersection of Laurel and Constantinople Streets “a pickup truck with a camper was parked alongside the curb almost up to the intersection . . ” This intersection was controlled by stop signs on Constantinople, a two-way street.
The five year old child, Denis James, accompanied by his fifteen year old sister, was walking on the sidewalk along Constantinople Street toward the lake in the direction of Laurel Street. Because of the parked truck at the intersection on Laurel Street, located to the driver’s right and to the pedestrian child’s left, the view of both parties was obstructed. While walking approximately an arms length in front of his sister, Denis walked in front of the parked truck at the intersection and into the path of the Ross automobile. When the child reached approximately two and ■ one-half feet into the street from the parked truck, the right front of the Ross automobile struck the child.
According to the driver, he first saw the child when the child came into the street “in front of the truck.” At that time he was approximately eighteen feet from the child and immediately applied his brakes, veered to the left, but the right front of the car unavoidably struck the child, knocking him approximately twenty to twenty-five feet into the intersection. Skid marks made by the investigating police officer measured eighteen feet.
Both parties to this litigation rely on the recent holding of the Louisiana Supreme Court in Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978). In that automobile pedestrian accident the Supreme Court concluded that a pedestrian’s contributory negligence will not bar his recovery where a motorist who could have avoided injury to a pedestrian by the exercise of reasonable care, failed to exercise that care.
Defendant draws from the following language in Baumgartner:
“Further, where injury results, the burden should fall on the motorist who, with the exercise of care reasonable under the circumstances, saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it.”
and the following additional language:
. [A] motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.”
It is clear from the evidence that the truck-camper parked at the intersection to the right of the motorist (the direction from which the child was walking) obstructed the driver’s view of persons crossing Laurel Street. As pointed out by the trial judge, the truck prevented the motorist from seeing pedestrians on the sidewalk. Further, George’s Bar which was located to the driver’s right close to the intersection, on the uptown river corner, partially limited the motorist’s view of the intersection. Under the circumstances I cannot conclude that the driver in this case who maintained a speed of 15-20 mph on a right-of-way street with parked automobiles on both sides of an intersection with an obstructed view, and who should have anticipated pedestrians crossing the intersection, exercised reasonable care. Additionally, the driver testified that he was familiar with the area and although he did not see children in the area at the time of the accident, he had knowledge that children in that area play “all over the street.”
As pointed out by the court in Baumgartner, citing Mequet v. Algiers Mfg. Co., 147 La. 364, 84 So. 904 (1920):
“Our law imposes an additional burden upon motorists approaching a pedestrian crosswalk to use more than ordinary care to see what is ahead; they must expect that people may be crossing and be prepared for that possibility.”
I would affirm the judgment of the trial court.[1]

. Because a five year old child cannot be guilty of contributory negligence, the Baumgartner holding, in so far as contributory negligence is concerned, need not be invoked. Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1954); Smith v. Preferred Risk Mutual insurance Company, *386 185 So.2d 857 (La.App. 3rd Cir., 1966); Pea v. Smith, 224 So.2d 37 (La.App. 1st Cir., 1969), writ denied, 254 La. 795, 226 So.2d 923 (1969); Cheramie v. Great American Insurance Company, 198 So.2d 726 (La.App. 1st Cir., 1967), writ denied, 251 La. 25, 202 So.2d 649 (1967).