The plaintiff, Alphis A. Bolton, with his wife and nine months old baby was driving north on a Plank Road (a paved highway) four or five miles north of Baton Rouge when the car he was driving collided with a car driven by Mrs. Raymond *Page 537 
C. Glowaski coming from the opposite direction. She was going for her husband who worked at one of the industrial plants in Baton Rouge, and there is no question raised as to the liability of the husband for her acts, if she was guilty of such negligence as would have rendered her liable.
Plaintiff, Alphis A. Bolton, sued Raymond C. Glowaski for damage to his car in the sum of $392.28, expense and loss of wages in the sum of $200 and for personal injuries sustained by him in the sum of $1,000, making his total claim $1,592.28. He also sued on behalf of his minor child for $1,000 on account of injuries received by it, and Mrs. Bolton sued for $3,000 damages for injuries received by her. In a supplemental petition, Frank C. Minor was joined as a defendant, and judgment was asked for against him in solido with defendant Glowaski. The latter filed a reconventional demand against Bolton for $399.92, alleged damage to his car in the accident. The case was decided by Judge Herget after he took the bench, but the case was not tried before him. He rendered a judgment dismissing the suit of plaintiffs and also dismissed the reconventional demand of Glowaski. Plaintiffs appealed, and Glowaski answered the appeal asking that the judgment be amended by allowing his reconventional demand.
The contention of plaintiffs is that Mrs. Glowaski was driving south on the highway while under the influence of intoxicating liquor, and when she was about 100 yards from the Bolton car, she swerved to her left side of the road going at a rapid speed, zig-zagging on that side of the road, until she got within a short distance of the Bolton car, when Bolton pulled his car to his left to avoid the other car coming on its wrong side of the road; that as Bolton pulled to his left and had gotten over on his left side of the road to avoid Mrs. Glowaski, she suddenly pulled her car to the right toward her side of the road, the two cars colliding on the right front of each other; that the impact took place slightly to the west (plaintiff's left) side of the road, just over the center line. It is contended that defendant Minor pushed or shoved with his car the Glowaski car which had stopped a few hundred yards up the road, and this shoving of the car by Minor was negligence on his part in that he was under the influence of liquor and gave the Glowaski car such a quick and hard push that it proceeded down the road at an excessive speed, all of which was an act of negligence combined with that of Mrs. Glowaski in causing the accident.
Both defendants deny any negligence on the part of the drivers of these two cars, but aver that the accident was caused by the negligence of Bolton in getting over on his wrong side of the road and in his failure to take proper measures to avoid the accident. His negligence is pleaded in the alternative as contributing to the accident.
Without going into a detailed discussion of the testimony of each witness, our opinion is that the accident happened about as Bolton and his two principal witnesses, Daigle and Fontenot, testified that it did. Bolton testified in substance as follows:
He was driving north on this highway in his Ford car with his wife and child around 6:30 P.M. on September 4, 1940, going from 25 to 30 miles per hour; he saw an automobile swerve to its left coming from the opposite direction about 100 yards or less ahead of him; he thought the car was going to turn off into a side road, and he just let up on his gas and let his car roll on at about the same speed; but when he got within 25 or 30 yards of this car he saw it was not going to get out of his way, and he pulled his car to the left in an effort to avoid the oncoming car, but as he pulled to his left, the driver of the other car pulled to her right and struck the right front of his car just west of the center line; the oncoming car was zig-zagging on its left side of the road from the time he first saw it until he made an effort to get out of the way when the other car was 25 or 30 yards from him; he had gotten on his left side of the road and was almost straightened out when the impact occurred. His explanation for failing to stop his car or go to his right after he saw the other car swerve to the left of the road was that he thought the driver of that car was going to turn off and when she did not turn off, he thought she would get back on her side of the road. He could not pull to the right on account of a ditch on that side of the road.
Daigle was driving his car south behind the car of Minor and the one driven by Mrs. Glowaski. When he was within about three city blocks of the point of the collision driving around 30 miles per hour, he saw Minor pushing the Glowaski car down the center of the road, the two cars going about the speed he was going, the Glowaski *Page 538 
car zig-zagging over the road. Minor cut loose from the forward car, but, when the cars were near a culvert about 300 feet, or yards (the evidence is not clear whether feet or yards is meant) from the point of impact, the Glowaski car shot out in front at a rather fast speed, zig-zagging on the road and apparently out of control, and just before meeting the Bolton car coming from the opposite direction, the Glowaski car was pulled to the right and the cars collided. He drove up, stopped his car and got out. He opened the door of the Glowaski car and Mrs. Glowaski was leaning against the door of her car. The witness noticed three or four beer bottles on the floor and smelled intoxicating liquor on Mrs. Glowaski. He testified that the Bolton car came to a stop a little to the west of the center line, headed a little northwest, and the Glowaski car was headed almost west across the road, and he and some other men moved the rear of this car around to the north and west so that traffic could pass on the east side of the road.
The witness Fontenot, as well as several other witnesses, corroborated the testimony of Bolton and Daigle as to how the accident happened. While Minor and Mrs. Glowaski testified at variance with the testimony of plaintiff Bolton and his witnesses, their testimony is not sufficiently corroborated by either oral or physical evidence to overcome the account as given by Bolton and his witnesses.
Minor and Mrs. Glowaski testified that they met at a club house some distance north of the scene of the accident and drank two bottles of beer together. Mrs. Glowaski then left in her car followed a short time after by Minor. After going a short distance, Mrs. Glowaski's car stopped or stalled in the road, and the lady waited for Minor who soon came up and gave her car a shove or push from the rear and started it off down the highway; that Mrs. Glowaski proceeded down the road on her right side at a speed of about 30 miles per hour followed by Minor going at a slightly less speed. According to Minor, when Mrs. Glowaski was 200 or 250 yards ahead of him on her right side of the road, he saw her car swerve to the left and the wreck occurred. He did not see the Bolton car up to that time, but when he drove up close to the wreck, he stopped his car and saw the right front wheel of the Glowaski car locked into the right front fender of the Bolton car west of the center line.
According to the testimony of Mrs. Glowaski, she proceeded on her side of the road after her car was started by Minor until she was within a short distance of the point where the collision occurred when the Bolton car suddenly pulled to its left side of the road to pass a parked truck on the east side, and the cars collided on her side of the road; that she never got over on her left side of the road before the collision; that she turned to the east (her left) just before the impact, yet she says her car was on her side of the road when the collision occurred. Her testimony on this point is not consistent with that of Minor who said that she swerved her car suddenly to her left just before the collision in which case her car must have gotten at least partly on the east side of the road.
The trial judge believed that the accident happened about as Bolton testified, and we agree with him on that point, but cannot agree with his conclusions. In our opinion, Mrs. Glowaski was guilty of gross negligence in driving on her left side of the road, wobbling and zig-zagging, with her car out of control, and, if she was not drunk, so under the influence of liquor as to seriously affect her driving.
While Minor might have been guilty of negligence in pushing Mrs. Glowaski's car on the highway at such a rapid speed and when the driver did not have proper control of the car, yet whatever negligence he was guilty of was too remote to be a proximate cause of the accident. According to the testimony of Daigle and Fontenot, Minor was from 150 to 300 yards from the scene of the accident when he gave the car the last push, and from that point on to the scene of the accident Mrs. Glowaski lost control of her car and zig-zagged across the left side of the road. Her negligence was an intervening and the proximate cause of the accident. As to Minor, the judgment will be affirmed.
The most serious question is whether or not Bolton was guilty of such contributory negligence as to bar his recovery. It is conceded that if he was guilty of such negligence, it could not be imputed to the child and his wife and bar their recovery.
Our opinion is that the negligence of Mrs. Glowaski was the sole and proximate cause of the accident. It is true that Bolton saw the Glowaski car come on its wrong side of the road a hundred yards or so away and wobble or zig-zag on that side of *Page 539 
the road. The action of this car was sufficient to warn Bolton that the car was either out of control or else was being driven in a negligent manner. He did nothing more than take his foot off the accelerator and let his car coast until the other car was within 25 or 30 yards of him when he pulled to his left to avoid the oncoming car. In other words, he went some 70 or 75 yards without slowing down or making an effort to get out of the way. The question is whether or not he should have done more than he did while traveling this distance to meet the emergency created by the Glowaski car.
It must be remembered that the cars were approaching each other at a combined speed of about 60 miles per hour and there was not a great deal that could be done in the short time it took to travel that distance. It must also be remembered that Bolton says that he first thought the other car was going into a side road which was a reasonable assumption on his part. And then he thought the car would get back on its own side of the road before reaching him, which was not an unreasonable assumption for him to indulge for at least a moment or so.
The right of a motorist to assume that a car coming from the opposite direction on the wrong side of the road will obey the law and get back on its side of the road presupposes that there is nothing in the actions of the other car to indicate that it is out of control. In determining what the motorist should do in the face of such approaching danger, the circumstances surrounding the particular situation must be taken into consideration. At the speed the cars were approaching each other, Bolton had only three or four seconds in which to avoid the oncoming car, and allowing a second or two for him to ascertain what the other car would do, he had very little time left to meet the emergency which was not of his creation.
To say that he could have avoided the accident by stopping or pulling to his right instead of pulling to the left is to enter the field of speculation. Had he stopped, so far as we know, the other car might have collided with his car head-on; and had he pulled to the right, the other car might have knocked his car into the ditch. He was faced with a dangerous reality and did not have time to speculate on possibilities.
Bolton has proved the following items of damage with legal certainty: damage to his car, $392.28; loss of time, $28.16; hospital bill, $17; doctor bill, $14; ambulance, $3; clothes of his wife and child damaged, $15; extra help required in his home on account of his wife's injury, $32, making a total of actual loss and expense of $501.44. He also suffered personal injuries in that he sustained two rather serious cuts around his eye, and bruises on his scalp and knees. He was knocked unconscious for a few minutes, and suffered considerable shock. All of his injuries have healed with the possible exception of occasional pain in one knee. We think an award of $300 for the personal injuries will be sufficient, making his total award $801.44.
The baby suffered a severe laceration of the scalp, a v-shaped cut extending across the scalp and exposing the skull, the flap of skin being loose and lying back across the child's head. Ten or twelve sutures were used to close the wound, and there was considerable bleeding. The stitches were removed after about three weeks. The child has recovered except the scar left by the wound. We think an award of $500 for the child will be proper.
Mrs. Bolton received bruises on her head and legs and she was rendered unconscious for several hours. She suffered considerable pain and shock and was under the treatment of a doctor for some time. She was pregnant at the time and was required to stay in bed for several days and became very nervous and excited over her condition and that of her injured child. She gave birth to her child in a normal way, and there appears to be no residual effects from her injury. We have decided to fix her award at $1,000.
For the reasons assigned, it is ordered that, insofar as the judgment dismissed the suit of plaintiffs against Frank G. Minor and dismissed the reconventional demand of defendant Glowaski, the judgment is hereby affirmed; insofar as said judgment dismissed the suit of plaintiffs against the defendant, Raymond C. Glowaski, the same is hereby reversed and set aside, and it is now ordered that plaintiff, Alphis A. Bolton, do have and recover judgment against the defendant, Raymond C. Glowaski, in the sum of $801.44; that he have and recover further judgment in behalf of his minor daughter, Frances Bolton, against said defendant in *Page 540 
the full sum of $500; that Mrs. Falba Wilmot Bolton have and recover judgment against said defendant in her own behalf in the sum of $1,000; that the above amounts awarded the said three persons as damages bear interest at the legal rate from judicial demand until paid. It is further ordered that the defendant, Raymond C. Glowaski, pay all cost of this suit.