98 So.2d 723 (1957)
Easton X. BERGERON, Plaintiff-Appellant,
v.
HOUSTON-AMERICAN INSURANCE COMPANY, Defendant-Appellee.
No. 4510.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
Rehearing Denied December 23, 1957.
Writ of Certiorari Denied February 10, 1958.
*724 McGehee & McKinnis, Baton Rouge, for appellant.
Breazeale, Sachse, Wilson & Hebert, Baton Rouge, for appellee.
TATE, Judge.
Easton X. Bergeron, individually and as the administrator of the estate of his minor son, David Bergeron, instituted this suit against the Houston American Insurance Company as insurer of Marvin A. Taber under a comprehensive personal liability policy. Bergeron sought damages on behalf of his son for a fractured tibia sustained by the boy allegedly through the negligence of defendant's assured; and for medical expenses incidental to the injury.
Judgment was rendered by the trial court, dismissing plaintiff's demands, and plaintiff has appealed from this unfavorable judgment.
There is one main question before this Court on appeal: Was the accident from which David's injuries resulted caused by the negligent actions of Marvin Taber, defendant's assured?
The facts presented to this Court are relatively undisputed.
In the late afternoon of February 16, 1956, Mr. and Mrs. Easton Bergeron and their two sons, Keith, age five, and David, age two, were visiting Mr. and Mrs. Marvin Taber. The two families were in the den of the Taber home watching television. Marvin Taber was seated on the floor with his back to the wall in full view of everyone in the room. He started throwing Keith into the air and catching him. David was attracted by these actions and came quite close, unnoticed by everyone. As Mr. Taber threw Keith into the air, Taber's elbow or arm struck and caused David to fall.
As the child fell to the floor, his leg was twisted under him and he cried excessively. Thereafter, the Bergerons went to their home. The child continued being fretful and his mother took him to an orthopedist the following morning. It was discovered that the child had fractured his right leg.
Our learned brother below accepted the defendant-appellee's able argument that any fault of Taber, its assured, was of the type defined by our LSA-Civil Code Article 3556(13) as "very slight fault" which "is that which is excusable, and for which no responsibility is incurred", as compared with that defined by the same codal section as "slight fault", or "that want of care which a prudent man usually takes of his *725 business"; which latter classification of fault is the actionable want of ordinary care. (The codal section's other classification is that of "gross fault", with which we are not here concerned.)
This non-actionable "very slight fault" is correctly equated by defendantappellee with that found in "freak accidents", where the failure to guard against a remote possibility of accident, or one which could not in the exercise of ordinary care be foreseen, is held not to constitute actionable negligence. Anderson v. London Guarantee & Acc. Co., La.App. 2 Cir., 36 So.2d 741, Riche v. Thompson, La.App. 2 Cir., 6 So.2d 566, certiorari denied, O'Neill v. Hemenway, La.App.Orl., 3 So.2d 210, certiorari denied, Wilson, Zurich General Accident & Liability Ins. Co., Interveners v. National Cas. Co., La.App. 2 Cir., 191 So. 574, certiorari denied.
These cases relied upon by appellee all concern accidents which were not reasonably foreseeable and avoidable by the exercise of due care, whereas appellee's argument is actually that the disproportionately severe injuries received by the child as a result of his fall were not reasonably foreseeable. We do not believe these cases to be apposite to the present issue, for in our opinion the accident to the child toddling about the floor was a foreseeable consequence of Taber's actions in throwing and flinging his arms about while playing with the older child, avoidable by the exercise of the proper lookout and due care although admittedly the injury received by the child, a freak fracture caused by an unusual twisting upon the infant's fall, was more serious a consequence of the accident than might reasonably have been expected.
As stated at 65 C.J.S. Negligence § 109, p. 673:
"Once it is shown that the person charged with negligence should, in the exercise of ordinary care, have anticipated that some injury would be likely to result from his conduct, it has been held that foreseeability becomes immaterial on the question of proximate cause, and that responsibility attaches for all consequences naturally resulting from the negligence charged or for anything which, after the injury is complete, appears to have been a natural and probable * * * result thereof, although it might not have been specifically contemplated or anticipated."
Lynch v. Fisher, La.App. 2 Cir., 41 So.2d 692 (merits), 34 So.2d 513 (exception of no cause of action), perhaps the leading Louisiana case on the subject, specifically approved the rule of Section 435, First Restatement of the Law of Torts, cited at 34 So.2d 519: "If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable."
In the Lynch case, the codefendant tortfeasors were the operator of a truck negligently parked on the highway at night and a motorist who heedlessly crashed into it. The plaintiff was a third person who ran to the scene of the accident to aid the persons injured thereby. He was shot by the motorist, crazed as a result of the accident produced by the jointly negligent tortfeasors. Recovery was allowed, although plaintiff's injuries were an unforeseeable consequence of the admittedly negligent acts of the tortfeasors. The court pointed out that the person committing a negligent act is not relieved of liability for an injury resulting therefrom because the particular injurious consequence was improbable or not to be reasonably expected.
That the insured himself knew that harmful consequence might ensue should he continue flinging his arms should the infant wander nearby is shown by his own testimony:
"Q. Did you see the little child come up beside you before this thing happened? A. No, sir, if I had thought he was going to come up there to there *726 or four feet I would have quit throwing the oldest one up in the air then.

"Q. Did you know he was anywhere near you? A. No, sir
"By the Court:
"Q. Did you know he was in the room? A. I knew he was in the room, but I didn't know he was right there beside me."
It should further be borne in mind that as stated at 38 Am.Jur. "Negligence" Section 40, p. 685:
"The infancy of the plaintiff in a negligence action does not supply the place of negligence on the part of the defendant. However, a child's age and lack of capacity to appreciate peril, where such facts are known or should be known to one who comes in contact with the child, are important in determining whether he is negligent toward the child. More care must be exercised toward children than toward persons of mature years. Children of tender years and youthful persons generally are entitled to care proportioned to their inability to foresee and avoid the perils that they may encounter, as well as to the superior knowledge of persons who come into contact with them. The duty to avoid doing them an injury increases with their inability to protect themselves, and with their childish indiscretions, instincts, and impulses. A child of immature years has capacity to exercise and is required to exercise for his own safety only such care and selfrestraint as belong to childhood. A reasonable man is presumed to know this, and to govern his actions accordingly. In all cases, the caution required is according to the maturity and capacity of the childa matter to be determined in each case by the circumstances of that case."
Furthermore, a child of David's age, two and one-half years, is legally incapable of contributory negligence, Guidry v. Hamlin, La.App.Orl., 188 So. 662, certiorari denied, Borman v. Lafargue, La. App. 1 Cir., 183 So. 548, Dipino v. Joe Gulino, La.App.Orl., 154 So. 772; Farque v. Gulf States Utilities Co., La.App. 1 Cir., 140 So. 90, nor can any contributory negligence of his parents be imputed to him, Williams v. Missouri Pac. R. Co., 155 La. 349, 99 So. 286, Bolton v. Glowaski, La.App. 1 Cir., 15 So.2d 536, Cato v. City of New Orleans, La.App.Orl., 4 So.2d 450, certiorari denied, see 65 C.J.S. "Negligence" § 160, pp. 801-802 so as to defeat recovery on behalf of the minor.
As to the plaintiff parent's action on his own behalf, perhaps his own contributory negligence (while not imputable so as to defeat his child's action) could bar his individual recovery of the medical expenses incurred by him as a result of the accident. Monge v. New Orleans Ry. & Light Co., 145 La. 435, 82 So. 397, Wise v. Eubanks, La.App. 2 Cir., 159 So. 161; 67 C.J.S. "Parent and Child" § 46, p. 749. But as these authorities indicate, all the attendant facts and circumstances, including the obviousness of the danger, must be considered in determining whether the parent's inattention constituted a want of ordinary care so as to constitute contributory negligence, and we are unable to hold that defendant has borne its burden of proving the situation to be so inherently dangerous as to justify a holding that the parent should have anticipated that Taber would not keep a proper lookout and desist from his activities upon the near approach of the toddling infant.
Fortunately, the child's injuries were not unusually painful and were of a minor and temporary nature. David sustained a linear fracture of the fibula, without displacement, with no permanent residual disability or defect after removal of a leg cast six weeks after the accident. After x-rays were taken, he saw a doctor twice, to apply and then to remove the cast. The total medical expenses were $40.
*727 We have determined that under the circumstances of this case an award of $1,000 for the child's personal injuries, in addition to recovery of the medical expenses by the parent, will do substantial justice. Palmer v. Fidelity & Cas. Co., La.App. 1 Cir., 91 So.2d 77, Griffin v. Yellow Cab Co., La.App. 2 Cir., 61 So.2d 225, Mahne v. Steele, La.App.Orl., 32 So.2d 761, Doyle v. Nelson, La.App. 2 Cir., 11 So.2d 645.
For the above and foregoing reasons, the judgment of the District Court dismissing plaintiff's suit is reversed; and judgment is rendered herein in his favor individually in the sum of $40 and in his favor as administrator of the estate of his minor son, David Bergeron, in the sum of $1,000, with legal interest upon the sums awarded from date of judicial demand until paid. All costs to be paid by defendantappellee.
Reversed and rendered.