HOOD, Judge.
This is a tort action instituted by Isaac Deshotels, individually and as administrator of the estate of his minor son, Michael Deshotels, against Nelwyn Fontenot and Southern Farm Bureau Casualty Insurance Company, which suit arises out of a motor vehicle collision which occurred on December 29, 1962. This case has been consolidated for the purposes of trial and appeal with three other suits, all arising out of the same accident, and all of which are being decided by us on this date. See Deshotels v. Southern Farm Bureau Casualty Insurance Company, et al., La.App., 164 So.2d 688; Hebert v. Southern Farm Bureau Casualty Insurance Company, et al., La.App., 164 So.2d 687; and Michel v. Southern Farm Bureau Casualty Insurance Company, La.App., 164 So.2d 686.
The issue as to liability vel non of defendants was considered and determined in the case of J. L. Deshotels v. Southern Farm Bureau Casualty Insurance Company, supra. For the reasons set out in the opinion handed down in that case, we conclude that the judgment appealed from must be reversed insofar as it condemns defendant, Southern Farm Bureau Casualty Insurance Company, to pay damages to plaintiff, but that it should be affirmed in all other respects.
The evidence shows that Michael Deshotels sustained a fracture of the right ankle, a cut on his lip, bruises, and ■ a sprained wrist. All of these injuries, other than the fractured ankle, healed completely within a few days. In connection with the treatment of the fractured ankle, young *695 Deshotels was hospitalized for a period of seven days. Upon his release from the hospital a cast was applied to his ankle and he wore that cast for six weeks. After the cast was removed he walked with the use of crutches for another two weeks, and since that time he has had no disability or symptoms, except that he complained of some swelling immediately after the cast was removed, and later he complained of some stiffness of the ankle when he did “certain things.” In a deposition of the treating physician, taken about eight months after the accident, the doctor testified that the fracture had completely healed with good alignment, without complications, and with no apparent residual disability, but in spite of the apparent complete healing the doctor states that he cannot determine with certainty whether plaintiff would experience any pain in that ankle in the future.
Under these facts the trial judge awarded plaintiff the sum of $1,000.00 as damages. We cannot say that this award is out of all proportion to awards made in other similar cases, or that it is manifestly inadequate. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Fullilove v. United States Casualty Company of New York, La.App. 2 Cir., 129 So.2d 816 (Cert. denied); and Bergeron v. Houston-American Insurance Company, La.App. 1 Cir., 98 So.2d 723 (Cert. denied). We, therefore, affirm the amount of the award made by the trial court.
For the reasons herein assigned, the judgment appealed from is reversed insofar as it condemns defendant, Southern Farm Bureau Casualty Insurance Company, to pay damages, and accordingly, judgment is hereby rendered in favor of defendant, Southern Farm Bureau Casualty Insurance Company, and against plaintiff, rejecting plaintiff’s demands as to that defendant. The judgment in all other respects, and particularly that portion of the judgment which is in favor of plaintiff in this suit and against defendant, Nelwyn Fontenot, is affirmed. The costs of this appeal are assessed to defendant-appellant, Nelwyn Fontenot.
Amended in part; reversed in part.