187 So.2d 140 (1966)
Hermann HELGASON et al., Plaintiffs-Appellants,
v.
HARTFORD INSURANCE COMPANY et al., Defendants-Appellees.
No. 10530.
Court of Appeal of Louisiana, Second Circuit.
March 23, 1966.
Rehearing Denied May 5, 1966.
Writ Refused June 22, 1966.
*141 Johnston & Johnston, Shreveport, for appellants.
Mayer & Smith and Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
This is a suit for damages for injuries received by Disa Ann Helgason, aged seven, when she was struck by an automobile being driven by Mr. Ted Endsley as she was walking or running across Edgar Street in the City of Shreveport.
Suit was initially instituted by the father of Disa Ann, individually and on her behalf, for the personal injuries and special expenses incurred in connection therewith, against Endsley and his liability insurer. Also made parties defendant were Mr. and Mrs. Gerald Dunn and their liability insurer. Plaintiff alleged Mrs. Dunn was a joint tort-feasor in that she motioned or directed the small child to cross the street while traffic was congested and thereby became responsible for the injuries incurred when the Endsley automobile struck her.
Prior to trial Mr. and Mrs. Helgason were divorced and Mrs. Helgason, who was awarded the care and custody of Disa Ann, was substituted as party plaintiff. Also prior to trial the claims against Endsley and his insurer, Hartford Insurance Company, were compromised and settled for the sum of $1500, the right being specifically reserved for plaintiff to prosecute her claim against the Dunns and their liability insurer, State Farm Automobile Insurance Company.
The Dunns and their insurer deny any negligence on the part of Mrs. Dunn. In the alternative contributory negligence is alleged on the part of Disa Ann in crossing the street and on the part of her mother in allowing the child to be at the place of the accident without adult supervision. Further, in the alternative, defendants pleaded that if the court should find Mrs. Dunn guilty of negligence that Endsley was a joint tort-feasor, and that he and his insurer having been released, any liability against the Dunns would be only for their virile portion or one-half of the total award. From judgment finding Mrs. Dunn free from negligence and rejecting plaintiff's demands, she appeals.
The accident occurred near the intersection of Edgar Street and Missouri Avenue *142 in the City of Shreveport, Louisiana. Edgar Street runs generally east and west and Missouri Avenue north and south. Disa Ann Helgason accompanied by her friend, Christine McClain nine years of age, were returning from a circus being held several blocks from the scene of the accident. The circus performance had been completed only a few minutes before the accident. Traffic headed east on Edgar Street was extremely heavy, being almost bumper to bumper, and was moving very slowly.
Immediately prior to the accident Mrs. Dunn was driving in an easterly direction along Edgar Street a short distance from its intersection with Missouri Avenue. Because of the heavy traffic conditions, she had momentarily stopped her vehicle waiting for traffic to proceed. While so stopped she noticed the two little girls standing on the south side of Edgar Street near the curb on the grassy area between the curb and the sidewalk. Thinking the girls desired to cross Edgar Street, Mrs. Dunn motioned or waved the girls across the street. Christine proceeded first and reached the other side in safety. She was followed closely by Disa but unfortunately before reaching the other side of the street she was struck by the Endsley car which was approaching from the opposite direction on Edgar Street.
The lower court, in a written opinion, found Mrs. Dunn free from fault for the following reasons:
* * * * * *
"However, we think this case can be disposed of very briefly by reference to the testimony of Mrs. Dunn who said that after she motioned for the two little girls to cross the street they hesitated and then attempted to run across without looking to see if there was another car approaching in the direction in which Endsley was driving. Mrs. Dunn stated the Endsley car was far enough down the street to where the children couldn't have gotten hit if they had gone on across the street right away."
* * * * * *
While there is some uncertainty concerning the actions of the small girls immediately preceding and at the time of the accident, nevertheless accepting the evidence in the light most favorable to Mrs. Dunn, as did the trial judge, we find the judgment of the lower court is erroneous. Accepting the evidence in this light, we find Mrs. Dunn, while her automobile was halted in heavy traffic, noticed two small children on the right of the street in a position of safety. Although her intentions may have been the best in the world, she did motion these children from their position of safety into one of peril. The response to this motion resulted in serious injuries to the seven-year-old child.
Mrs. Dunn offers as an excuse for her actions her belief at the time that the children would not hesitate but would proceed immediately across the street. She seeks further to excuse her actions by arguing she only guaranteed the safety of these children while passing in front of her own automobile and that she did not insure their safety with regard to traffic approaching from the opposite direction. This reasoning is advanced in the face of her own admission that at the time she motioned the children across the street she saw the oncoming Endsley vehicle but thought the children had an opportunity to completely cross the street before the Endsley vehicle would reach them.
Mention was made in the briefs concerning the applicability of the so-called "Good Samaritan" doctrine and whether such doctrine is recognized by the courts of this state.
As has been stated many times by our courts tort liability in Louisiana is based primarily upon Louisiana Civil Code Article 2315 and any tort doctrine, by whatever name it may be called, if recognized by our courts, must find some basis in the codal articles or statutes. Louisiana Civil Code *143 Article 2315 predicates liability for damages upon a finding of "fault" on the part of another. In determining fault a common sense test is to be applied: that is, how would a reasonable, prudent person have acted, or what precautions would he have taken, if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged tort-feasor. Thus, greater care should be exercised by a motorist who sees children, unaccompanied by adults, at or near his path of travel since he is charged with knowledge that a small child is unable to appreciate impending danger. Stamps v. Henderson (La.App. 2 Cir., 1946) 25 So.2d 305 and cases cited.
Therefore, without reference to any doctrine or theory, can it be contradicted in the instant case that Mrs. Dunn "caused" this unfortunate accident? We believe not.
Assuming the children did hesitate momentarily before crossing Edgar Street in the path of the automobile, the evidence does not justify the conclusion that they hesitated for any appreciable length of time. If Mrs. Dunn assumed they would not hesitate for a short length of time, this in itself shows a lack of due care on her part. There are numerous cases in Louisiana holding that a child seven years of age is incapable of contributory negligence in the absence of a showing of extraordinary conditions. See Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1954) and cases there cited.
As operator of the vehicle, Mrs. Dunn was in a better position to observe all the traffic than were these two small girls. It seems only natural they would heed her motion to cross in front of her and would rely upon her indication that it was safe for them to complete the crossing.
We hold Mrs. Dunn was guilty of actionable negligence under the provisions of Louisiana Civil Code Article 2315 and, further, that Disa Ann Helgason was not guilty of contributory negligence.
We turn now to the question of the alternative plea of contributory negligence against Mrs. Helgason for allowing her child, accompanied only by a nine-year-old companion, to attend and return from a circus so located as to necessitate the crossing of streets. It has been held that if the parent be found negligent, such negligence cannot be imputed to the child so as to bar recovery on its behalf. However, the parent's own contributory negligence could bar recovery for expenses incurred in connection with the treatment of the child. See Bergeron v. Houston-American Insurance Co. (La.App. 1 Cir., 1957, cert. denied) 98 So.2d 723.
Viewing all of the facts, we find the plea of contributory negligence against the mother to be unsupported by the evidence. The record reflects the circus was only a few blocks away from the scene of the accident and we conclude it was not unreasonable for the mother to allow her child to go to and from the circus with other children. As a matter of fact, in the instant case there is nothing to indicate this accident would have happened except for the action taken by Mrs. Dunn. The children were admittedly in a place of safety when she motioned them into the congested lane of traffic.
On the issue of quantum the medical evidence reflects the accident was of a serious nature. Disa Ann received a fracture of her pelvis and of the jaw, or maxilla, and multiple abrasions and contusions. The most serious permanent injury consisted of the loss of three permanent upper front teeth. On the day following the accident the tooth that had been driven into the maxilla was surgically removed and the loose fragments which had been imbedded by the impact were removed. Disa will be required to wear a temporary bridge for the loss of her three front teeth until she is approximately sixteen years of age at which time she should be fitted with a permanent bridge.
Disa's injuries were acutely painful for approximately ten days and she had intermittent *144 pain for several months. She remained in the hospital for two weeks and was required to remain in bed at home for an additional six weeks. Thereafter, in order to walk, she required two crutches for four weeks and one crutch for an additional two weeks. We do not think there is any permanent injury to the fractured pelvis although there is some dispute in the medical testimony on this issue.
There is a swollen place on the child's right thigh or upper leg which will be permanent and will be a cosmetic disfigurement visible when she wears a bathing suit or shorts. This "puffed" or swollen place is approximately twelve inches in length and six inches wide.
Our courts have repeatedly held there is no magic formula for calculating a proper award in a personal injury suit but each case must be decided upon its own merits. After giving careful consideration to all the evidence in the case, we feel that an award of $10,000 for the personal injuries received by Disa Ann Helgason to be proper.
In regard to the special damages, the evidence is, to us, clear and mostly uncontradicted that medical expenses of $1225.45 have been established and an award in this amount is made in favor of Mrs. Helgason.
Left for consideration is the question of whether Endsley was guilty of any negligence so as to render him a joint tort-feasor. In the event we find Mrs. Dunn was solely responsible for this accident, then she, her husband and their liability insurer will be responsible for the entire amount of the damages without reduction. However, in the event we should find Mrs. Dunn and Endsley were joint tort-feasors, the Dunns and their insurer will be liable for only one-half of the total damages suffered by plaintiff because of the prior settlement which was concluded with Endsley and his insurer releasing them from liability, but expressly reserving all rights against the Dunns and their insurer. See Louisiana Civil Code Article 2103 and Harvey v. Travelers Insurance Company (La.App. 3 Cir., 1964) 163 So.2d 915.
We find the evidence established Endsley's lack of negligence. Mrs. Dunn's testimony alone is almost sufficient to clear Endsley of any negligence in that she said, in effect, the accident was caused by the children hesitating rather than immediately crossing the street. Endsley testified he was driving along Edgar Street at about fifteen miles per hour and the children darted out in front of his car when he was only about ten feet away. We think his testimony is corroborated by all the evidence in the case. With the traffic being as congested as it was traveling east there was no way for Endsley to see the children until they had darted from between the cars into his lane at which time it was too late for him to stop. The accident was unavoidable insofar as Endsley was concerned. See Rainwater v. Boatright (La.App. 2 Cir., 1952) 61 So.2d 212, and numerous cases cited therein.
For the reasons assigned, the judgment appealed from is reversed and set aside and there is now judgment in favor of Mrs. Sara Kay Rauber Helgason, individually and on behalf of her minor child, Disa Ann Helgason, and against Mr. and Mrs. Gerald Dunn and State Farm Mutual Automobile Insurance Company jointly and in solido in the principal sum of $11,225.45 together with legal interest thereon from judicial demand until paid.
It is further ordered that the liability of State Farm Mutual Automobile Insurance Company shall not exceed the limits set forth in its family automobile policy issued to Gerald R. and Audrey D. Dunn.
It is further ordered that all costs be paid by defendant, State Farm Mutual Automobile Insurance Company.
Reversed and rendered.