SAVOY, Judge.
Plaintiff instituted this suit individually and as natural tutor of the minor daughter, Rebecca Schmeltzer, against Gary D. Prit-chett and his public liability insurer, Olympic Insurance Company. The suit was originally filed against New York Fire and Marine Underwriters, Inc., but it was discovered that company was not the insurer of Pritchett. The case was non-suited as to this company, and Olympic was substituted as a party defendant.
For a cause of action plaintiff alleges that on the 10th day of April, 1967, Pritchett, while backing his automobile out of a driveway between his home and that of plaintiff, struck and injured Rebecca, a child who was approximately 2(4 years of age at the time of the accident. Plaintiff asked for a judgment against Pritchett and his insurer for personal injuries to the minor child and for special damages incurred by him as a result of the accident.
In their answer defendants admitted the accident, but denied any fault on the part of Pritchett, and, alternatively, alleged that plaintiff was contributorially negligent in allowing said minor child to be cared for by a young, fourteen-year-old baby sitter.
After a trial on the merits judgment was rendered in favor of plaintiff against Pritchett and his insurer, jointly and in solido, in the full sum of $5,000.00. The court disallowed the claim of plaintiff for special damages on the ground that he was contributorially negligent because of the lax arrangement made for the care and supervision of said minor. Defendants appealed to this Court from the judgment of the trial court awarding damages on behalf of the minor. Plaintiff appealed from the judgment of the district court disallowing his claim for special damages.
The duty of care owed by the defendant motorist when backing his vehicle out of a driveway in this crowded residential area is clear. Of course, it is not negligence to drive a vehicle backward. However, a motorist is charged with the duty of exercising ordinary care to see that the maneuver will not injure the persons or property of others. What is meant by ordinary care, depends on the facts and circumstances of the particular case. Neyrey v. Maillet, 21 So.2d 158 (La.App.Orl.1945). For instance: “It was negligence for the driver of the truck to back it in a residential street, where he had almost at the same moment seen small children at play, on the sidewalk nearby, without first assuring himself that no one was in the path of the backing truck.”, Embry v. Reserve Natural Gas Company, 12 La.App. 97, 124 So. 572 (2 Cir.1929).
In Jackson v. State Farm Mutual Automobile Insurance Company, 32 So.2d 52 (La.App. 1 Cir.1947), the court held in a similar case: “We believe that in this case, since Mr. Toler admits that he knew children played around the driveway and also the wood pile near the driveway, he had reason to anticipate their presence and therefore he had the duty to see that the driveway was clear before he put his his car in motion * *
In Burnaman v. LaPrairie, 140 So. 2d 710 (La.App. 3 Cir.1962) the defendant had stopped his automobile in the driveway of plaintiff’s home and gone inside to visit. He knew that children were playing in the yard near the driveway. When he left he backed up his station wagon, without first looking behind it, and ran over plaintiff’s child. We held: “ * * * the operator of an automobile has a duty demanding a high degree of care if children (who are unaccompanied by their parent and not under the care of an adult) are in the vicinity and he knows of their presence or is held to know of their presence as a matter of law.”
Applying the law as set forth above, there is sufficient testimony in the record to prove the defendant guilty of negligence. The residential area in which the accident *135 occurred consists of a street with a row of duplex homes on each side. The houses are close together and located only a short distance from the street. Between each duplex is a dirt driveway used by the families who live in the nearest ends of the two adjacent duplexes.
The evidence shows that there are 15 to 20 children who live in the immediate vicinity. These children play on the street, in the yards and the driveways.
The plaintiffs and the defendant lived in adjacent duplexes and shared a common driveway. The defendant himself has one child and had lived there three or four months. The plaintiffs have four children, ages 14 years, 10 years, 7 years and 3 years. Defendant admitted he knew that there were many children who played in the neighborhood and in particular he knew that plaintiff’s small children frequently played in the driveway between the two homes.
Under the circumstances, we think ordinary reasonable care required the defendant to look behind and around his automobile before he backed out. The ordinary reasonable motorist would have taken this precaution because of the frequent presence of children.
In his answer, defendant concedes that the child “was under the car, or so situated as to not be observable to your respondent as he backed out of his drive; * * The evidence is also sufficient to support a factual finding by the trial judge that the child was either under the car or immediately behind it as defendant started to back out, and should have been seen in this position of danger if the defendant had looked before he entered the vehicle. There is no showing that the child suddenly ran into the path of the automobile as it was backed from the driveway.
In brief in this Court, defendant argues that it was raining and hence the motorist had a right to assume no children would be playing in the driveway. Actually, the testimony is to the effect that it was “misting”. Furthermore, there is testimony by Carol Schmeltzer that immediately before the accident there were children playing out in the yards all up and down the street since they had just returned home from school.
Considering all the circumstances, there is certainly sufficient evidence to support the trial judge’s finding of negligence on the part of the defendant motorist.
The minor was examined by two doctors, Dr. Charles V. Hatchette of Lake Charles, orthopedic specialist; and Dr. Frederick T. Huffnagle, orthopedic surgeon stationed at Fort Polk.
Dr. Huffnagle testified that the minor was hemorrhaging and in shock at the time she was admitted to the Fort Polk hospital. She had a contusion of the kidney or bladder because of blood in her urine. He also found that she had a separation of the right sacroiliac joint and a fracture of the right pubic ramous. She was given a blood transfusion at the hospital, was hospitalized for approximately twelve days, and commenced to walk in ten or twelve weeks; absolute healing in six to twelve months. The doctor also testified there was some shortening of the leg, one hip joint being one-half to one inch higher than the other. The doctor was of the opinion that in later life the minor may have pain due to arthritis and/or childbirth problems because of distortion of the pelvic ring.
Dr. Charles V. Hatchette confirmed the fact that the child had a fracture of the pelvis and a shortening of one leg, one hip being lower than the other. At the time of his examination the fracture was not completely healed. There was still some mild rotation anteriorly of the left pelvic region, and also some distortion of the pelvis which might or might not interfere with normal female functions, such as childbirth ; and that periodic examinations were indicated. He felt that in six months there would be complete healing.
*136 The trial judge awarded $5,000.00 for pain and suffering and physical injury to the minor. We think the award is fair, and we see no reason to disturb the finding of the trial judge. We do believe that the trial judge fell in error in holding that plaintiff was contributorily negligent and in disallowing the special damages stipulated to be $145.00.
It is the jurisprudence of this state that the burden is on the defendants to prove contributory negligence. The simple fact that the child was left in the care of her fourteen-year-old sister, and that the child was struck while playing, temporarily unattended, in the driveway of the plaintiffs, does not lift the burden from defendants. The record is clear in the fact that it was the habit of most parents in the neighborhood to allow their children to play in the front yard driveways, and defendant was quite aware of this. The record does not reveal that there was any way that the parents of the child could have anticipated the negligence of defendant and thus have avoided the accident. The cases have held that all the attendant facts and circumstances, including the obviousness of possible danger and the unreasonableness of the exposure to it, must be considered in determining whether the parents’ action constituted contributory negligence. Having considered the circumstances, we cannot hold the parents to be negligent. See Bergeron v. Houston-American Insurance Company, 98 So.2d 723 (La.App. 1 Cir.1957); Smith v. Preferred Risk Mutual Insurance Company, 185 So.2d 857, 860 (La.App. 3 Cir.1966).
Accordingly, the judgment of the district court is amended so as to allow plaintiff judgment against defendant, Gary D. Pritchett, in the sum of $145.00. The judgment cannot be had against the insurer since the policy limit is $5,000.00.
For the reasons assigned the judgment of the district court is amended by granting plaintiff, Thomas Schmeltzer, individually, the sum of $145.00 against defendant, Gary D. Pritchett, with interest at the rate of 5% per annum from judicial demand until paid; and as amended, the judgment is affirmed at defendants-appellants’ costs.
Amended and affirmed.