HENDRY, Judge
(dissenting).
I must respectfully dissent. In holding that sufficient evidence was shown by the record to support the jury charge here at issue, the majority has ruled, as a matter of law, that reasonable men can possibly find contributory negligence under the circumstances of this case. It is my opinion that a mother, temporarily entrusting her *741 three-year-old daughter in the care of her two other children, one age sixteen, the other age fourteen, should not be contemplated in the eyes of the law as negligent.
Other reviewing courts in our sister jurisdictions have directly confronted similar factual patterns, and have resolved the issue of whether or not a parent was con-tributorily negligent, in favor of the parent: E. g., Schmeltzer v. New York Fire and M. Underwriters, Inc., La.App., 1968, 215 So.2d 133 (father of two and one-half-year-old child, who left child in care of fourteen year-old sister to play in front yard which was adjacent to neighbor’s driveway, held not contributorily negligent when neighbor backed car over two and one-half-year-old child); Helgason v. Hartford Insurance Company, La.App. 1966, 187 So.2d 140 (Mother who allowed seven-year-old child to be accompanied by nine year-old companion while going to circus and crossing various streets, held not contributorily negligent when child was struck by automobile while crossing street) ; see also Smith v. Preferred Risk Ins. Co., La.App.1966, 135 So.2d 857; Bergeron v. Houston-American Ins. Co., La.App., 1957, 98 So.2d 723, 724; Reid v. City Coach Co., 1939, 215 N.C. 469, 2 S.E.2d 578, 123 A.L.R. 140; Montoya v. Winchell, 1961, 69 N.M. 177, 364 P.2d 1041.
The state of Florida has not been entirely without cases in this area, and in the case of Winner v. Sharp, Fla.1949, 43 So.2d 634, the Supreme Court rendered an en banc opinion in which it was held that the mother of a child was not contributorily negligent by virtue of entrusting the child to an adult who allowed the child to walk near the edge of a highway, whereupon the child was struck by an automobile and killed. The court further stated:
“Contributory negligence results from the mutual, concurring and contemporaneous negligence of the defendant and the plaintiff or their agents. A three year old is incapable of committing contributory negligence. When parents walk along the highways with their children they are not expected to carry them on a leash or to restrain them by force. They are required to exercise reasonable care for their safety and motorists are required to govern themselves accordingly.”
The record of the case sub judice indicates that the mother of this child used all reasonable and precautionary care that society could possible expect from her. I would not place the onus of constant surveillance and control upon the mother who is engaged in her everyday chores of homemaking ; moreover, reality dictates that entrusting the infant child to the care of her two adolescent siblings is not only a universal practice, but a reasonable and non-negligent one as well.
For the reasons above stated, I would reverse on the basis that there was no evidence before the court to sustain this charge to the jury.