FRUGÉ, Judge.
Plaintiff-appellant, Mrs. Patricia Allen, brought this tort suit against Johnny L. Pittman and his homeowner's insurer, Aet-na Life & Casualty Insurance Company. She has sued personally for damages in the form of medical expenses incurred by her, and in a representative capacity for the general damages incurred by her minor son, Robert Allen. The defendants denied liability, asserted affirmative defenses, and subsequently made third party demands against Patricia Allen.
The trial court found no negligence with regard to Johnny Pittman, nor to Patricia Allen in the third party demand. Aetna Life & Casualty Company (hereinafter referred to as “Aetna”) was found liable through the negligence of one James Robert Mooney, a member of the Pittman household.
Judgment was awarded to Mrs. Allen personally in the amount of $3,223 (less $500 already paid by Aetna), and to be held in trust the sum of $12,000 for young Robert Allen.
The plaintiff appealed solely on the issue of quantum. Defendant Aetna answered the appeal, praying for reversal of the trial court and, in the alternative, a decrease in the sum awarded.
Defendant has contested the prudence of the trial court’s opinion on three grounds, stating:
(1) Robert Lynn Allen was contributorily negligent;
(2) Patricia McGinnis Allen was contribu-torily negligent;
(3) James Robert Mooney was not negligent.
Mrs. Allen and her children, one of whom was Robert Allen, the injured in this case, went to Johnny Pittman’s home in the community of Hagewood in Natchi-toches Parish, about five o’clock on June 26, 1970. Living with the Pittmans was a young man fourteen years of age named James Robert Mooney. Soon after the Al-lens’ arrival, Mooney was instructed by Mr. Pittman to go out into the yard and start a fire in preparation for a barbecue. He was given lighter fuel or fluid with which to start this fire. Upon completion of his chore, Mooney then returned the lighter fluid and ventured out into the yard once more, presumably to play with Mrs. Allen’s children.
A short time following his departure from the house, Mooney entered a storage shed located near the household and there obtained a quantity of gasoline placed in an old can. He then attempted to bum down a stump located in the yard. As the stump was burning, Robert Allen came behind Mooney and playfully hit him on the arm; some of the gasoline was spilled, with the resulting burns on the legs of Robert Lynn Allen.
The boy was immediately brought to the Natchitoches Parish Hospital, wherein he stayed five days. Thereupon, he was *71 transferred to the Confederate Memorial Hospital in Shreveport, remaining there twenty-one days, during which time the legs were treated and skin graft operations performed. Medical testimony has disclosed that the burns covered over one-half of the legs from his hip downward and that they were in the realm of second and possibly third degree. The approximate percentage of the entire body burned was designated as about twenty per cent.
At the time of the accident, Johnny Pittman was covered by a homeowner’s policy issued by Aetna. Under the Personal Liability section of that policy, there was included coverage of any person under twenty-one years of age in the care of the insured. Thus, the actions of James Mooney were covered thereunder.
Defendant-appellee, in his third contention, states that there was no negligence on the part of James Mooney. With this we cannot agree. Mooney, knowing that there were children in the vicinity, started this, fire on the grounds of Mr. Pittman. He obtained the gasoline from the shed outside without the permission or the knowledge of any adult in the house. It has been generally held by the courts of this state that one who handles or performs acts with dangerous substances or elements is held to a very high degree of care. Waters v. Southern Farm Bureau Casualty Insurance Co., 212 So.2d 487 (La.App. 3rd Cir. 1968); “Typical examples are persons who deal with electricity, or explosives such as gasoline, oil, gases, or dynamite.” Comment, 16 La.Law Rev. 391, 1956.
Mooney, fourteen years of age at the time, should have appreciated the danger involved in using gasoline to start a fire when there were young children around. He took no precautions, however, and a serious accident resulted. The possibility of one of the children coming into contact with him, knocking the can from him, possibly tripping and falling into the stump, or committing any other dangerous action of a similar nature, should have been foreseen by Mooney. To act or behave in a manner which should be recognized as involving an unreasonable risk or danger to others is to act without due care and in a negligent manner. Mooney’s use of this gasoline we hold, therefore, was the proximate and legal cause of Robert Allen’s injury.
It now becomes necessary to look into the possible contributory negligence of young Robert Allen. The burden rests upon the shoulders of the defendant to prove actual contributory negligence. In the case of Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1954), the court held that a child of seven years was not capable of contributory negligence in the absence of extraordinary conditions. (Robert Allen had not yet attained his eighth year.) We find no such extraordinary conditions in the case at bar. An adult, obviously, would not have come into contact with Mooney while the boy was igniting or watching the fire burn. An adult probably would not have even ventured into close proximity with Mooney or the fire. However, a child of this age cannot be held to the standards of an adult. 65A C.J.S. Negligence § 146 (1); Government Employees Insurance Co. v. Davis, 266 F.2d 760 (5th Cir. 1959), rehearing denied June 10, 1959; Smith v. Preferred Risk Mutual Ins. Co., 185 So.2d 857 (La.App. 3rd Cir. 1966). We find no negligence then on the part of Robert Allen, in that he was acting in the normal playful, carefree manner of any child his age.
Alleged by the appellee also is the possible contributory negligence of Patricia Allen, the mother of Robert. Aetna argues that Mrs. Allen wrongfully allowed Robert and her other children to play outside when she had knowledge of the fact that Mooney was lighting the charcoal there. This rationale is premised on the duty of a mother to insure the general safety of her children. It is implied that Mrs. Allen should have either removed the children from the area or cautioned them as to the *72 possible danger involved. We find no merit to this argument.
What is more commonplace or normal than children playing in the yard? Mrs. Allen could not rationally be held to have anticipated danger merely because Mooney was lighting a barbecue pit in her children’s vicinity. What is even more important, we think, however, is the fact that Mrs. Allen knew not of Mooney’s subsequent actions with regard to obtaining the gasoline and attempting to burn the stump. A mother’s allowing her children to play on premises in which she has knowledge of the existence of a charcoal fire, will not entail contributory negligence on her part without more specific circumstances indicating a great possibility of the child’s safety being seriously jeopardized. We think that the jurisprudence of this state supports our reasoning. Schmeltzer v. New York Fire & Marine Underwriters, Inc., 215 So.2d 133 (La.App. 3rd Cir. 1968); Helgason v. Hartford Insurance Co., 187 So.2d 140 (La.App. 2d Cir. 1966), writ refused 249 La. 471, 187 So.2d 445; Brown v. City of Alexandria, 225 So.2d 157, modified at 226 So.2d 600 (La.App. 3rd Cir. 1969), application denied at 254 La. 844, 227 So.2d 591.
The quantum awarded by the district court will only be disturbed on appeal when it is found that there has clearly been an “abuse of discretion” on the part of the trial judge or jury.* Louisiana Constitution Article 7, § 29; Louisiana Civil Code Article 1934 (3); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). The obvious problem involved in this test is in the defining of “abuse of discretion.” For aid we look to analgous decisions of the Justices of the Supreme Court of Louisiana or of those rendered by our brothers on the appellate level.
With regard to the type and quality of burn, its general intensity, the age of the injured, and the other facts pertinent in describing Robert Allen’s injury, we are unable to find closely paralleling cases. This predicament is of a frequent nature since equal or similar statistics as to all factors necessary in the ascertainment of damages are difficult to find in any two different cases.
Of some resemblance, however, and one in which we are able to draw more than an arbitrary analogy, is the case of Waters v. Southern Farm Bureau Casualty Company, 212 So.2d 489 (La.App. 3rd Cir. 1968), cited by plaintiff. Therein, the injured lived but 15 days; he was conscious the entire time and suffered second and third degree burns over eighty to ninety per cent of his body. As an award for his pain and suffering, he was granted $15,000. In the decision on appeal, Judge Savoy stated:
“While we think the award for pain and suffering is low, we will not disturb the award of the trial judge on this item for we do not find an abuse of the large discretion vested in it.”
While it is true that Robert Allen suffered burns on twenty per cent of his body as compared to the eighty or ninety per cent suffered by Waters, we think that other factors more than compensate for this difference.
Waters experienced second and third degree burns but was conscious for only 15 days, at which time, death brought his pain and suffering to a complete halt. It is evident that Robert Allen’s physical sufferings encompassed a substantially greater period of time. The record reflects that while hospitalized for 26 days, he suffered excruciating pains in the nature of second and possibly third degree burns. Although difficult to appraise, it is *73 obvious that the boy’s physical sufferings continued after his release from the hospital.
Of even greater importance, however, is the psychological and emotional sufferings of Robert Lynn Allen. Through Mooney’s negligence, his legs have been permanently scarred. Statistics show that he is expected to live over 30 years, the entirety of which time he will be handicapped with this cosmetic disfigurement.
In the light of the past and future physical, emotional, and psychological torment that Robert has and will be forced to endure, we think that an award of $22,000 would be more equitable and would neither be excessive nor inadequate.
For the foregoing reasons, the judgment of the trial court is therefore amended in that the award of $12,000 for pain and suffering is to be increased to the sum of $22,000, and as thus amended, affirmed. All costs are assessed to the defendant-ap-pellee, Aetna Life and Casualty Insurance Company.
Amended and affirmed.

 See Comment, 25 La.Law Rev. 545 (1965) for helpful exposition as to the signifi-canee of this test, as well as some explanation with regard to its evolution.