*824 ON REHEARING
HEARD, Judge.
A rehearing was granted in this case to reconsider all the issues. However, the primary reason was to reconsider the findings of negligence on the part of the parents of the injured child as a contributing cause of the accident.
The effect of this finding is to bar Mr. Garison from recovering medical expenses and to give the insurer of the owner of the tree house a judgment over against Gari-son for one-half of the judgment for the child’s injuries. The facts, background, legal issues, judgment of the trial court, and our own judgment are clearly set forth in our original opinion and there is no necessity to repeat them here.
After a thorough reconsideration of all the facts and legal issues we are of the opinion that the holding of the trial court and of this court in our original opinion that the parents of the child were negligent is in error.
The trial court found that Cynthia Ann, because of her age, was not guilty of contributory negligence but that her parents were under a duty to supervise this seven-year-old child more carefully than they did by leaving her at home under the care of her sixteen-year-old brother, along with three other children in the family. In our original opinion we state:
“ * * * The evidence reflects the Garisons were thoroughly familiar with the instrumentality situated in the Wells’ backyard on which Cynthia Ann was injured. Although they testified they had warned Cynthia Ann not to climb the ladder when playing at the Wells’ house, they should have known of the attractiveness of a tree house to a child her age and have taken proper measures to keep their child from being exposed to this temptation. They were equally aware of the foreseeability of harm resulting from the use of the ladder in connection with the tree house as the owners of the premises where it was situated. The jurisprudence of this State has consistently recognized the duty of parents to properly supervise their minor children. ...”
There is no dispute that Mr. and Mrs. Wells had lived in their home where the tree house was located since about July, 1966. When they moved into their house the tree house was there. The Wells had two boys, ages 11 and 14, and children in the neighborhood, including Cynthia Ann Garison, played in the yard with the Wells boys, climbing in and out of the tree house. The Garisons had warned Cynthia Ann not to climb the ladder. On the day of the accident she was left under the supervision of her sixteen year old brother.
We believe, and so hold, that a sixteen year old boy is capable of exercising reasonable supervision of a seven-year-old child, and there is no negligence for parents to leave a seven-year-old child in the care of a sixteen-year-old. Schmeltzer v. New York Fire & Marine Underwriters, Inc., La.App., 215 So.2d 133 (3d Cir. 1968); Helgason v. Hartford Insurance Company, La.App., 187 So.2d 140 (2d Cir. 1966) writ refused; Allen v. Aetna Life & Casualty Company, La.App., 254 So.2d 69 (3d Cir. 1971).
While the parents of the injured child were equally aware of the existence of the tree house in the neighbor’s yard, the instrumentality which caused the harm was maintained by and under the control of the neighbor, not the Garisons. The Garisons had warned Cynthia Ann not to climb the ladder which was about all they could reasonably be expected to do under the circumstances. The parents left the child under the care of their 16 year old son, which was reasonable and not in itself negligence. Parents cannot be expected or required to exercise constant supervision over a 7 year old child, nor can they reasonably be expected to prevent a child from playing in a neighbor’s yard where other children gather.
*825 Our conclusion now is that in this particular case the evidence does not support a finding that the parents failed to exercise proper supervision of their child. It follows that they were not guilty of any negligence contributing to the accident.
For the foregoing reasons the judgment of the trial court is amended, rejecting the demands of third party plaintiffs, and in all other respects the judgment appealed from is affirmed.
Costs of this appeal are assessed against defendants-appellants.