BOUTALL, Judge,
dissenting.
A seven year old boy was run over and killed by a Coca-Cola delivery truck as it started up from its parking place across a sidewalk where it had been parked making a delivery. There is no basic dispute as to any fact except the whereabouts of the child as the truck pulled off. Since this was a jury trial, there is no finding of fact, but it may be presumed, from the comments of the foreman in asking the Judge for additional instructions, that the jury found no negligence on the truck driver. I disagree and find manifest error in fact and in law.
First, I am of the opinion that the truck was illegally parked upon the sidewalk. The truck driver testified that as he approached this area to make a delivery, he pulled off of the Galvez Street roadway across the curbing and onto the sidewalk so that he stopped roughly parallel to the roadway with his right wheels blocking most of the sidewalk, his left front wheel being across the curbing and his left rear wheel (a dual wheel,) with one wheel in the street and one on the curbing. He parked in this fashion to make a delivery, not because it was any emergency, but for convenience in making the delivery, and noted that his delivery instructions (this was his first time for a delivery in this location) indicated that he should park along the side of the store, in this fashion. Under these facts, he is in violation of the City Ordinance prohibiting parking on the sidewalk. Presuming that the test of negligence to be applied in such a case is the action of a reasonably prudent man, it is suggested *41 that when leaving such a parking position, a reasonably prudent man must consider that moving this heavy vehicle in an area reserved for pedestrians, he must certainly exercise a greater degree of care than when he moves his vehicle in the street which is designated primarily for use by such vehicles.
However, under the facts as here, he faces an additional factor which requires an even greater degree of care, that is, the presence of a young child. The driver testified that after he stopped to make the delivery he was approached by the young boy who asked him for a Coke, and he promised that he would give the boy a Coke after he finished the delivery if the boy would hold the door open for him while he made the delivery. The delivery took much longer than expected, and when he left the premises to get into the truck, he did not see the boy around, although he testified he looked for him and asked his assistant if he saw the boy around. Of great importance is his testimony that he expected the boy to be present, because in general when children ask for a Coke and are promised one, “* * * they don’t leave. They stay there.” It should also be pointed out that his testimony that he inquired of his helper as to the whereabouts of the young boy is denied by the helper, who was not aware of any necessity to see if the boy was around. It is well settled that children are owed a high degree of care by a motorist when the motorist is aware of the child’s presence or should be under the circumstances. Under the facts outlined above, this driver owed a high degree of care to ascertain the whereabouts of the child whom he fully expected to be there, and his actions are in violation of the ordinary reasonable care to be taken in such circumstances. Schmeltzer v. New York Fire & Marine Underwriters, Inc., 215 So.2d 133 (La.App. 3rd Cir. 1968); Burnaman v. LaPrairie, 140 So.2d 710 (La.App. 3rd Cir. 1962).
The majority opinion states that the evidence supports no other conclusion than that the child was not in front of the truck until an instant before it moved, and that probably the child had been undér the parked truck until just before it moved. We have no way, of course, of knowing what factual determination might have been made by the jury. Three eyewitnesses testified as to seeing the boy at the time of the injury. These witnesses were occupants of vehicles stopped on Galvez Street waiting for a change in signal light and consisted of the driver and passenger of a pickup truck, who were approximately across the street from the delivery truck, and the driver of an automobile several cars back, who was thus in a position to see in front of the delivery truck. The two witnesses in the pickup truck first noticed the boy when he was beneath the delivery truck, and there is some confusion in their testimony as to whether the truck was moving or not when first seen. Certainly a finding that the truck was not moving could not be reversed by this court on their testimony alone, although the testimony of the driver is such as to lead me to believe that the truck was already moving, and the boy was hurt because he was “flopping” around under the truck at the time of original observation, and was right at the rear of the cab. However, the testimony of the driver of the vehicle several cars back, Charles Bosch, positively places the boy in front of the truck at the time that the truck is pulling off. Unless his testimony is disregarded as unworthy of belief, and there is nothing in the record to suggest that it is wrong, the boy was in front of the truck, in a position where because of the heighth of the vehicle and the position of the driver, it was difficult for the driver to see him. It should also be pointed out that the location of the boy’s body after the accident would corroborate this placement of the boy.
As to how this boy got in front of the truck, we can only speculate. The testimony of the driver and his helper is that they passed around the front of the truck and that the boy was not there at the time they entered the truck. The testimony in general indicates that while the delivery men were making their delivery the boy had been playing in the area, and it is observed *42 that his home is only 50 feet from the accident site. I do not consider the speculation as to how the boy came to be in front of the truck is necessary to a solution of this case. A person driving a vehicle on the sidewalk, who expected the child to be in the area, must be held negligent for striking him.
I respectfully dissent.